STATE v. MATHEW TENNISON et al.

No. A-6261. Opinion Filed October 5, 1929.
(281 Pac. 313.)

Edwin Dabney, Atty. Gen., and W. C. Lewis, Asst. Atty. Gen., for the State.

M. D. Hartsell, for defendants.

CHAPPELL, J. Mathew Tennison and Jim Tennison were charged with a violation of the prohibitory liquor law of the state of Oklahoma. It appears from the record that the officers with a search warrant found a still in one place, and at about the same time found 19 gallons of whisky in two other and separate places. The county attorney charged the defendants in the county court of Muskogee county in criminal cause No. 3897, with the possession of a whisky still; and in criminal cause No. 3898, charged the defendants with unlawful possession of intoxicating liquor in the amount of 19 gallons of whisky. A trial was had in cause No. 3897, and the defendant, Mathew Tennison, was convicted upon the charge of having possession of a still. The defendants, Mathew Tennison and Jim Tennison, filed a plea of former jeopardy in cause No. 3898, wherein they were charged with the possession of 19 gallons of whisky, which plea of former jeopardy and conviction was sustained by the

county court, and whereupon the state reserved the question of former conviction and former jeopardy, and appealed to this court for an adjudication thereon.

The issues involved in this case were settled in the case of Harmon v. State, 43 Okla. Cr. 251, 278 Pac. 354. In the body of the opinion this court said:

"The first error complained of by the defendant is the overruling by the trial court of his plea in jeopardy. The deputy sheriff with the search warrant found the whisky, which the defendant is charged with having possession of, between defendant's house and the still, and, going further on out into the field, found the still. Two charges were filed against the defendant, one charging him with the possession of the still. He was tried and acquitted on that charge. The other charge filed against the defendant was the possession of the gallon of whisky, and the question now presented to the court is, Was the acquittal of the defendant on the charge of having possession of the still a bar to his prosecution in the case at bar? Cyc. states the rule to be: 'That the former conviction and acquittal must have been upon the prosecution of the identical act or crime but the two charges need not be precisely the same in point of degree; it is enough if an acquittal of the one shows that the defendant could not have been guilty of the other.' 12 Cyc. 280.

"In the case of Morris v. Territory, 1 Okla. Cr. 618, 99 Pac. 760 [101 Pac. 111], this court said: 'If a plea of former acquittal or former jeopardy shows upon its face a different offense from that for which the defendant is then on trial, or if it is otherwise fatally defective, it should not be submitted to the jury, but should be stricken from the record of the court.'

"In the case of Harris v. State, 17 Okla. Cr. 69, 175 Pac. 627, this court said: 'The constitutional provision against a second jeopardy is merely declaratory of the ancient principle of the common law. In application it

is limited only to a second prosecution for the identical act and crime, both in law and fact, for which the first prosecution was instituted. * * * The burden is upon the defendant to show that his plea of former acquittal and former jeopardy is well founded, both in law and fact.'

"The fact that the officer seized the liquor and the still under the same search warrant and during the same raid is not the controlling factor in the question of former jeopardy. The question is, Was the possession of the still and the liquor seized the same criminal act, transaction, or omission? The evidence required to convict for possession of liquor with intent to sell the same in the case at bar was different from that required to convict for possession of the still. In the case of the still, it was only necessary to show that the defendant was in possession of a still capable of being used for the manufacture of liquor. In the case at bar, it was necessary for the state to prove the possession of the liquor; the quantity being prima facie evidence of the intent of the defendant to barter, give away, or sell the same. The defendant being charged in the two cases under different statutes and with the commission of different offenses, and the proof in one case not being sufficient to secure a conviction in the other case, and the crimes not being one, necessarily included in the other, the conviction or acquittal in the charge of possession of the still would not be a bar for the prosecution of the defendant for possession in the case at bar. The plea of former jeopardy was therefore properly overruled."

In the case at bar it could not be said that the proof necessary to support a conviction for unlawful possession of a still would be competent to establish a case of unlawful possession of intoxicating liquor. The gist of the offense of unlawful possession of a still is the possession of the still itself. It would only be necessary for the state to establish beyond a reasonable doubt that the defendant was in possession of the still to secure a conviction on

that charge. The gist of the offense in the case at bar is the possession of liquor for the purpose of selling the same. In this case it would not only be necessary for the state to prove possession by the defendants, but the state would have to establish the intent of the defendants. The 19 gallons of liquor found would make a prima facie case, but the presumption created by the possession is one that may be overcome by proof. So it can readily be seen that the proof necessary to establish the crime of possession of a still would not be the same nor would it be sufficient to secure a conviction for the possession of liquor. It was error for the court to sustain the plea of former conviction and former jeopardy.

The cause is therefore reversed and remanded, with directions to the trial court to proceed with the trial of the case according to law.

EDWARDS, P. J., and DAVENPORT, J., concur.