## EARL ORCUTT v. STATE.

No. A-7979. Sept. 12, 1931.
Rehearing Denied Oct. 16, 1931.
(3 Pac. [2d] 912.)

Luther Lane, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the district court of Tulsa county of the crime of robbery with firearms, and his punishment fixed by the jury at imprisonment in the state penitentiary for ten years.

The only question presented in this appeal is that of former jeopardy.

The facts so far as the question of former jeopardy is concerned are that this defendant, together with Lester Garvin and Peewee Wilson, forced W. K. Cottrell and W. E. Sturdevant to drive Cottrell's automobile out southeast of the city of Tulsa a few miles and there compelled them at the point of a gun to get out of the car, and while this defendant held a gun upon them, one of his codefendants robbed Cottrell of $40 in money, a gold watch, and diamond ring, and the other one robbed Sturdevant of $82 in money.

The defendant was first tried for the robbery of Cottrell and was acquitted, and he now contends that that acquittal was equivalent to an acquittal for having robbed Sturdevant.

If the defendant by reason of his acquittal upon the charge of robbery of Cottrell cannot be further prosecuted in this case for the robbery of Sturdevant, then all the contentions alleged in the brief of the plaintiff in error are well taken. However, if the acquittal in the case of Cottrell was not a bar to the subsequent prosecution in the case of Sturdevant, then all the contentions alleged in the brief of plaintiff in error must fall, as they are all based primarily on this proposition.

Defendant in his brief cites Jackson v. State, 11 Okla. Cr. 523, 148 Pac. 1058. In that case defendant had been prosecuted for the possession of four barrels of whisky and acquitted. Subsequently, he was prosecuted for the transportation of the same whisky. The court there held that, possession being necessary in both cases, they constituted the same offense. But, suppose defendant had been charged with transporting the whisky and selling some of it to John Jones; in that case it could not be contended that the offenses were the same. So that

Jackson v. State, supra, does not support the contention of defendant.

On the same day, the state filed two informations against the defendant, one charging him with the robbery of W. K. Cottrell, and the other charging him with the robbery of W. E. Sturdevant. The record contains the two informations—one being that in the case at bar, wherein the defendant was charged with the robbery of W. E. Sturdevant; the other information charging the robbery of W. K. Cottrell, and upon which defendant was acquitted.

Defendant contends that the robbery of Cottrell and Sturdevant, occurring practically at the same time and at the same place, were not separate robberies, but one act, and that therefore his plea of former jeopardy should have been sustained.

This question involves the construction of section 21, of article 2 of the Constitution, which reads as follows:

"No person shall be compelled to give evidence which will tend to incriminate him, except as in this Constitution specifically provided; nor shall any person, after having been once acquitted by a jury, be again put in jeopardy of life or liberty for that of which he has been acquitted. Nor shall any person be twice put in jeopardy of life or liberty for the same offense."

It also involves the construction of section 2626, C. O. S. 1921, which reads as follows:

"When the defendant shall have been convicted or acquitted upon an indictment or information, the conviction or acquittal is a bar to another indictment or information for the offense charged in the former, or for an attempt to commit the same, or for an offense necessarily included therein, of which he might have been convicted under that indictment or information."

Robbery is defined by section 1784, C. O. S. 1921, to be:

"A wrongful taking of personal property in the possession of another from his person or immediate presence and against his will, accomplished by means of force or fear."

In Harris v. State, 17 Okla. Cr. 69, 175 Pac. 627, 632, this court said:

"The burden is upon the defendant to show that his plea of former acquittal and former jeopardy is well founded, both in law and fact."

See, also, Harmon v. State, 43 Okla. Cr. 251, 278 Pac. 354; State v. Tennison, 44 Okla. Cr. 409, 281 Pac. 313.

The first question to be determined is, Was the robbery of Cottrell the same crime as the robbery of Sturdevant, occurring as it did, under the circumstances set forth in the record?

Wharton's Criminal Law, vol. 1 (11th Ed.) p. 508, states the rule:

"On a plea of former acquittal or conviction the accused must show that he was acquitted or convicted of the same accusation against him in the former trial; not of an entirely different offense growing out of the same state of facts or transaction.

"The same act may constitute two or more offenses which are distinct from each other. In such cases the accused may be separately prosecuted and punished for each, and a conviction or acquittal or prosecution for one will not constitute an acquittal and a bar for the other. Thus where two or more are assaulted, robbed or their goods stolen, or are shot or murdered by one and the same act at the same time, conviction or acquittal on an in-

dictment for offense against the one will be no bar to a trial on an indictment charging the offense against the other."

8 Ruling Case Law, p. 143, § 128, states the rule thus:

"The prohibition of the ancient principle of the common law and the constitutional provisions declaratory thereof, against a second jeopardy, apply only to a second prosecution for the identical act and crime both in law and fact for which the first prosecution was instituted.

"When a single transaction constitutes two or more offenses, wherein the lesser offense is not necessarily involved in the greater, and when the facts necessary to convict on the second prosecution would not necessarily have convicted on the first, then the first prosecution will not be a bar to the second.

"A putting in jeopardy for one act is no bar to a prosecution for a separate and distinct act, merely because they are so closely connected in point of time that it is impossible to separate the evidence relating to them on the trial for the one of them first had. Consequently a plea of former jeopardy will not be sustained where it appears that in one transaction two distinct crimes were committed."

In 16 Corpus Juris, p. 263, § 443, the rule is stated:

"The prohibition of the common law and of the Constitution is against a second jeopardy for the same 'offense', that is, for the identical act and crime; or, as expressed in a number of cases, to entitle a defendant to plead successfully former jeopardy, the offenses charged in the two prosecutions must be the same in law and in fact. The plea will be vicious if the offenses charged in the two indictments are perfectly distinct in point of law, however nearly they may be connected in point of fact. It is not necessarily decisive that the two offenses may have some material fact or element in common, or that they are similar, where they are not in fact the same. The test is not whether defendant has already been tried

for the same act, but whether he has been put in jeopardy for the same offense. The term 'same offense,' however, does not signify the same offense eo nomine, but the same criminal act, transaction or omission."

In State v. Ragan, 123 Kan. 399, 256 Pac. 169, that court said:

"Defendant with three others in a stolen automobile, defendant at the wheel, drove to a drug store, robbery in view. Defendant remained in the car while his three companions proceeded to rob the store. While the robbery was being perpetrated, and at the approach of officers, defendant got out of the car and fled. Without knowledge of the robbery, and after its completion, but before the robbers had departed, the officers entered the store, when one of them was shot by one of the robbers, death ensuing. Defendant was acquitted of the charge of murder, and in a later action for robbery filed a plea of former jeopardy. Held, such plea was properly overruled.

"In criminal cases the ultimate test applied in determining the validity of a plea of former conviction or former acquittal is identity of offenses, and it is not necessarily decisive that the two offenses may have some material fact in common (State v. Schmidt, 92 Kan. 457, 140 Pac. 843)."

In Keeton v. Commonwealth, 92 Ky. 522, 18 S. W. 359, that court said:

"Presenting a pistol at two persons at the same time, coupled with a demand of their property, and compelling a surrender thereof by both at the same time, constitutes distinct offenses against them,—an assault on and robbery of each."

In Re Allison, 13 Colo. 525, 22 Pac. 820, 10 L. R. A. 790, 16 Am. St. Rep. 224, the Supreme Court of Colorado said:

"Robbing different individual passengers on a stage at the same time and in rapid succession constitutes a distinct offense for each individual, and a conviction for robbing one is no bar to a prosecution for robbing others."

In the body of the opinion the court said:

"Relator was not tried for robbing the stage; each of the indictments charged him with robbing a different individual passenger upon the stage. And no doubt can be entertained but that these various robberies were distinct offenses, although committed at the same place and in rapid succession. They constituted separate acts; but, even if regarded as a single act, they affected separate objects. And, 'where one unlawful act operates on several objects, there may be several offenses committed, and so several prosecutions for the same criminal transaction, and an acquittal or conviction for one such offense will not bar a prosecution for the other.' Fox v. State, 50 Ark. 528, 8 S. W. 836; Whart. Crim. Pl. (9th Ed.) § 468 et seq.

"The case at bar is to be distinguished from the case where an act operates upon a single object, and the different alleged offenses are simply degrees or ingredients of one crime."

Based on this rule, it has been held that, if the killing of two persons is by distinct and separate acts, though done at the same time and as a part of same transaction, an acquittal for the killing of one is not a bar to the prosecution of the same person for the killing of the other. Morris v. Territory, 1 Okla. Cr. 617, 99 Pac. 760, 101 Pac. 111; Gunter v. State, 111 Ala. 23, 20 So. 632, 56 Am. St. Rep. 17; Teat v. State, 53 Miss. 439, 24 Am. Rep. 708; Agustine v. State, 41 Tex. Cr. R. 59, 52 S. W. 77, 96 Am. St. Rep. 765; People v. Majors, 65 Cal. 138, 3 Pac. 597, 52 Am. Rep. 295, 5 Am. Cr. Rep. 486.

In State v. Nash, 86 N. C. 650, 41 Am. Rep. 472, the Supreme Court of North Carolina held that an indiscriminate assault upon several persons is an assault upon each

individual. Phillips v. State, 85 Tenn. 551, 3 S. W. 434; State v. Standifer, 5 Port. (Ala.) 523; Hawkins v. State, 1 Port. (Ala.) 475, 27 Am. Dec. 641.

The two informations filed against the defendant show upon their face that he was not charged with robbing the automobile. Each of the informations charged him with robbing a different individual passenger in the automobile. These various robberies were distinct offenses, although committed at the same place and in rapid succession. They constituted separate criminal acts, and an acquittal or conviction for one of such offenses will not bar a prosecution for the other.

There is yet another test by which it may be determined whether the acts complained of constitute more than one offense; that is the test of evidence.

In 8 Ruling Case Law, p. 143, § 128, the rule is stated:

"In determining whether both indictments charge the same offense, the test generally applied is that when the facts necessary to convict on the second prosecution would necessarily have convicted on the first, a final judgment on the first prosecution will be a bar to the second, but if the facts which will convict on the second proposition would not necessarily have convicted on the first, then the first will not be a bar to the second, although the offense charged may have been committed by the same state of facts."

In 16 Corpus Juris, p. 265, § 445, the rule is stated:

"A test almost universally applied to determine the identity of the offenses is to ascertain the identity, in character and effect, of the evidence in both cases. If the evidence which is necessary to support the second indictment was admissible under the former, was related to the same crime, and was sufficient if believed by the jury to have warranted a conviction of that crime, the offenses

are identical, and a plea of former conviction or acquittal is a bar. But if the facts which will convict on the second prosecution would not necessarily have convicted on the first, then the first will not be a bar to the second although the offenses charged may have been committed in the same transaction. If the evidence required to convict under the first indictment would not be sufficient to convict under the second, but proof of an additional fact would be necessary to constitute the offense charged in the second, then the former conviction or acquittal cannot be pleaded in bar to the second indictment."

In Jackson v. State, 11 Okla. Cr. 523, 148 Pac. 1058, this court said:

"On a plea of former acquittal, in determining whether the two informations charge the same offense, the test is whether the evidence necessary to support the second information would have been sufficient to procure a conviction upon the first information."

In Estep v. State, 11 Okla. Cr. 103, 143 Pac. 64, 65, this court said:

"Under the constitutional guaranty not to be twice put in jeopardy, the decisive test on a plea of former jeopardy is whether the same testimony will support both charges. Otherwise stated, the offenses are the same whenever evidence adequate to one information will equally sustain the other."

Robbery under section 1784, supra, is: (a) A wrongful taking of personal property in the possession of another, (b) from his person or immediate presence, (c) and against his will, (d) accomplished by means of force or fear.

Robbery is a crime against the person, and is so classified in chapter 6, article 24, C. O. S. 1921 (sections 1784-1793). The robbery of W. K. Cottrell would not be equivalent to the robbery of W. E. Sturdevant, two differ-

ent persons, because Cottrell could not give his consent to the robbing of Sturdevant, nor could Sturdevant give his consent to the robbing of Cottrell, and it would be immaterial whether the robbery of Cottrell was against the consent of Sturdevant or vice versa. The robbing of Cottrell was an entirely different crime from the robbing of Sturdevant, although committed by the defendant and his codefendants at about the same time as the robbing of Sturdevant.

Suppose the state in the trial of defendant for the robbery of Cottrell had called all its witnesses who did testify and they had testified that defendant robbed Sturdevant; no one would be foolish enough to say that this evidence would have supported a conviction for the robbery of Cottrell. To convict the defendant for the robbery of Cottrell, it was not necessary for the state to show that the defendant robbed Sturdevant, and this evidence would have been inadmissible against the defendant without proof first that he had robbed Cottrell.

It is apparent that evidence necessary to convict defendant of the robbery of Cottrell would not have been sufficient to convict him for the robbery of Sturdevant.

In the case at bar it was not necessary for the state to prove that the defendant robbed Cottrell. The question before the jury in this case was whether defendant had robbed Sturdevant, and whether he had at about the same time robbed Cottrell was wholly immaterial as far as the evidence necessary to convict in the case at bar was concerned.

While there is a conflict in the decisions on the question here presented, the better reasoned authorities are to the effect that, where a robbery occurs in which two or more persons are held up and robbed, the crime is a

separate offense against each individual from whom property is taken against his will, although the taking occurred at the same place, and in rapid succession.

The defendant's contention of former jeopardy being without merit, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS., concur.