## JIM MOWELS v. STATE.

No. A-8166.   Oct. 16, 1931.
(11 Pac. [2d] 206.)

Shelton & Shelton and W. F. Duncan, for plaintiff in error.

J. Berry King, Atty. Gen., Smith C. Matson, Asst. Atty. Gen., and Ted R. Fisher, Co. Atty., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the county court of Blaine county of unlawful possession of whisky mash fit for distillation, and his punishment fixed by the jury at a fine of $250 and imprisonment in the county jail for 90 days.

Before the jury was impaneled, defendant filed his plea of former jeopardy, alleging that he had already been tried and convicted for an offense arising out of the same transaction and constituting the same offense, which plea was denied by the court.

The testimony of the state was that the officers had a search warrant to search the premises of Adam Weber; that in the barn on the Weber place they found defendant in possession of a still, 93 barrels of mash, and engaged in the manufacture of whisky.

Where, in the same place and at the same time and under the same search warrant the officers find defendant in possession of a still and mash and in the act of making whisky, the state may not prosecute the defendant for three separate offenses arising at the same time and out of the same transaction, over the objections of defendant.

The rule would be otherwise where the officers under the same search warrant found whisky in one place, mash in another place, and a still in another place, where the evidence of the state showed the defendant to be in possession of the things so seized. State v. Tennison, 44 Okla. Cr. 409, 281 Pac. 313.

The constitutional privilege of immunity from a second prosecution is not waived if at any time before judgment the defendant interposes his plea of former acquittal or former conviction; and where, as in the instant case, the facts are all before the court as a part of its own record in the case, and the plea of former jeopardy raises only a question of law, the constitutional right will not be construed as waived where defendant interposes a plea of former acquittal or conviction before judgment.

It was reversible error for the trial court to overrule defendant's plea of former jeopardy.

For the reason stated, the cause is reversed.

DAVENPORT, P. J., and EDWARDS, J., concur.