Wilburn Rollo MANSFIELD,
Petitioner–Appellant,

v.

Ron CHAMPION, Respondent–Appellee.

No. 92–5158.

United States Court of Appeals,
Tenth Circuit.

May 3, 1993.

Wilburn Rollo Mansfield, pro se.

Susan Brimer Loving, Atty. Gen. of Okl., Steven Spears Kerr, Asst. Atty. Gen., Oklahoma City, OK, for respondent-appellee.

Before SEYMOUR and ANDERSON, Circuit Judges, and RUSSELL,* District Judge.

SEYMOUR, Circuit Judge.

Petitioner Wilburn Mansfield appeals from the district court's order denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Mansfield was convicted in

---

* Honorable David L. Russell, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P.

Oklahoma state court in 1984 of two counts of robbery with firearms after former conviction of two or more felonies and was sentenced to two consecutive fifty-year terms of imprisonment. His convictions were affirmed on direct appeal. *Storm v. State*, 736 P.2d 1000 (Okla.Crim.App.1987). After two motions for post-conviction relief were denied by state courts, Mansfield filed this action in the United States district court. He alleges that his convictions on two separate counts of robbery subjected him to double jeopardy, that unconstitutional prior convictions were used to enhance his sentences, and that his counsel provided ineffective assistance by failing to challenge the use of his prior unconstitutional convictions to enhance his sentences.[2] We reverse in part, affirm in part for reasons different from those of the district court, and remand for further proceedings.

### I

In June 1984, Mansfield and an associate robbed the Holiday Hills Liquor Store in Tulsa, Oklahoma and took the store clerk's wallet, cash from the store cash register, and three bottles of whiskey. *See Storm*, 736 P.2d at 1001. For this incident, Mansfield was charged with two separate counts of robbery with firearms. Count I charged him with robbing the liquor store by

> wrongfully taking and carrying away certain money belonging to HOLIDAY HILLS LIQUOR STORE # 1 and in the possession of said MICHAEL CHAMPAGNE and in his immediate presence,

without his consent and against his will, said robbery being accomplished by said defendants with the use of a certain firearm. . . .

Count II charged him with robbing the store clerk personally by

> wrongfully taking and carrying away certain money belonging to MICHAEL CHAMPAGNE and in his immediate presence, without his consent and against his will, said robbery being accomplished by said defendants with the use of a certain firearm. . . .

The robbery statute applicable to Mansfield's offenses defines robbery as "a wrongful taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." Okla.Stat. tit. 21, § 791.[3]

Mansfield argues that he committed only one crime, that of robbery of the store clerk. He contends that under the statute, one can only rob a person and not a store, and that charging and convicting him of two counts of robbery for this one incident subjected him to double jeopardy. *See Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932).

Relying on *Timberlake v. United States*, 767 F.2d 1479 (10th Cir.1985), *cert. denied*, 474 U.S. 1101, 106 S.Ct. 882, 88 L.Ed.2d 918 (1986), the district court determined that a single incident can be punished under more than one statutory provision if conviction under each provision requires proof of a fact

---

34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

**2.** In rejecting Mansfield's motions for post-conviction relief, the Oklahoma state courts found that his double jeopardy claim was procedurally barred because he failed to raise it on his direct appeal. *See, e.g., Jones v. State*, 704 P.2d 1138, 1139–40 (Okla.Crim.App.1985). Respondent, however, did not raise the issue of procedural bar below, nor did the district court raise it sua sponte. *See Hardiman v. Reynolds*, 971 F.2d 500, 503–04 (10th Cir.1992) (district court may raise procedural bar defense to habeas corpus petition sua sponte); *see also Manlove v. Tansy*, 981 F.2d 473, 476 n. 4 (10th Cir.1992) (court not required to raise state procedural bar defense sua sponte). As in *Bailey v. Cowley*, 914 F.2d 1438, 1439 (10th Cir.1990), we deem respondent

to have waived this defense and will address Mansfield's claims on their merits.

**3.** In Oklahoma, "there is but one definition of robbery." *Roulston v. State*, 307 P.2d 861, 866 (Okla.Crim.App.1957). Mansfield was apparently charged and convicted under Okla.Stat. tit. 21, § 801, "Robbery or attempted robbery with dangerous weapon or imitation firearm—Punishment." That statute relies on the single definition of robbery in § 791 and is "one of classification and not definition . . . merely providing an enlarged punishment for robbery when committed by a person or persons with firearms or other dangerous weapons." *Roulston*, 307 P.2d at 866. Because § 791 is the operative statute, that is the one we focus on, as did the district court and the parties.

**1100**

not required for conviction under the other statutory provisions. *Id.* at 1481; *Blockburger*, 284 U.S. at 304, 52 S.Ct. at 182. It found that Mansfield was convicted of "wrongfully taking personal property from the store clerk, against his will and by means of force or fear. He also was found guilty of robbing the store of cash and whiskey." Rec., vol. I, doc. 20 at 6–7. The court concluded that each of these convictions required proof of separate facts, although it did not specify what these separate facts were, and that Mansfield therefore was not placed in double jeopardy when he was convicted of the two robbery counts.

In arguing in support of the district court's conclusion, respondent maintains that Mansfield stole from both the store and the clerk and therefore committed separate crimes. Like the district court, however, respondent does not identify what specific facts distinguished the conviction for robbing the clerk from the conviction for robbing the store. Nor does respondent cite any authority for his position that the facts here support two robbery convictions.

■ The Fifth Amendment's guarantee against double jeopardy "protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969); *see also United States v. Koonce*, 945 F.2d 1145, 1148 (10th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1695, 118 L.Ed.2d 406 and *cert. denied,* —— U.S. ——, 112 S.Ct. 1705, 118 L.Ed.2d 413 (1992).

"The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine wheth-

er there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not." [*Blockburger*, 284 U.S. at 304, 52 S.Ct. at 182.]

This test emphasizes the elements of the two crimes. "If each requires proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes." *Iannelli v. United States,* 420 U.S. 770, 785 n. 17 [95 S.Ct. 1284, 1293 n. 17, 43 L.Ed.2d 616] (1975).

*Brown v. Ohio,* 432 U.S. 161, 166, 97 S.Ct. 2221, 2225–26, 53 L.Ed.2d 187 (1977); *see also Timberlake,* 767 F.2d at 1481; *Johnson v. State,* 611 P.2d 1137, 1140 (Okla. Crim.App.1980), *cert. denied,* 449 U.S. 1132, 101 S.Ct. 955, 67 L.Ed.2d 120 (1981). In a habeas corpus proceeding under section 2254, a federal court should defer to a state court's interpretation of state law in determining whether an incident constitutes one or more than one offense for double jeopardy purposes. *Brecheisen v. Mondragon,* 833 F.2d 238, 240 (10th Cir.1987), *cert. denied,* 485 U.S. 1011, 108 S.Ct. 1479, 99 L.Ed.2d 707 (1988); *see also Tucker v. Makowski,* 883 F.2d 877, 880 (10th Cir.1989).

■ We agree with Mansfield that under Oklahoma law he committed only one robbery, and that charging and convicting him of two counts of robbery violated the double jeopardy clause of the Fifth Amendment. His two convictions did not require proof of any facts or elements not necessary to the other. As a comparison of the two counts shows,[4] the only distinction between them is the ownership of the money taken. Proving

4. The Amended Information charges that Mansfield
"did unlawfully, feloniously
COUNT I
and wrongfully, while acting in concert each with the other, rob one HOLIDAY HILLS LIQUOR STORE # 1, by wrongfully taking and carrying away certain money belonging to HOLIDAY HILLS LIQUOR STORE # 1 and in the possession of said MICHAEL CHAMPAGNE and in his immediate presence, without his consent and against his will, said robbery being accomplished by said defendants with the use of a certain firearm, to-wit: a handgun and which they used to menace and

threaten the said MICHAEL CHAMPAGNE with harm if resisted ...
COUNT II
and wrongfully, while acting in concert each with the other, rob one MICHAEL CHAMPAGNE, by wrongfully taking and carrying away certain money belonging to MICHAEL CHAMPAGNE and in his immediate presence, without his consent and against his will, said robbery being accomplished by said defendants with the use of certain firearm, to-wit: a handgun and which they used to menace and threaten the said MICHAEL CHAMPAGNE with harm if he resisted....

the ownership of stolen property, as long as the owner is not the robber, is not a necessary element for conviction under section 791. " 'To constitute the crime of robbery, it is not material whether the title to the property is in the person from whom the property is taken or in another.' " *Smith v. State*, 378 P.2d 790, 792 (Okla.Crim.App.1963) (quoting *Sparkman v. State*, 67 Okl.Cr. 245, 93 P.2d 1095, 1096 (1939)); *see also Robards v. State*, 37 Okl.Cr. 371, 259 P. 166, 168 (1927) (person robbed need only have custody or control of property). Dividing this incident into two counts solely along ownership lines was therefore improper. " 'Merely because one element of a single criminal act embraces two persons or things, a prosecutor may not carve out two offenses by charging the several elements of the single offense in different counts and designating only one of the persons or things in one count and designating only the other person or thing in the other count.' " *Hunnicutt v. State*, 755 P.2d 105, 111 (Okla.Crim.App.1988) (quoting *Robinson v. United States*, 143 F.2d 276, 277 (10th Cir.1944), *modified on other grounds*, 147 F.2d 915 (10th Cir.1945)). Here, the prosecution carved up the robbery element of "wrongfully taking the personal property of another" into two separate counts.[5]

We see no material difference between this case and *Hunnicutt*, where the Oklahoma court reversed on double jeopardy grounds one of two convictions for attempting to conceal stolen property. The defendant there purchased two supposedly stolen pistols from an undercover police officer. *Id.* at 107.

> The State prosecuted [defendant] on two charges of attempting to conceal stolen property simply because law enforcement officers had taken two pistols out of the evidence room to use in the transaction. Presumably, had five pistols been involved, [defendant] would have been charged with five counts of the crime; had there been twenty weapons in the sack, [defendant]

would have been charged with 20 counts of each crime. We find nothing in our statutes to indicate our legislature intended such a result.

*Id.* at 110. Similarly, Mansfield was charged with two counts of robbery simply because the property stolen happened to have two separate owners; presumably, had Mansfield stolen personal property belonging to another clerk that happened to have been left in the store, he would have been charged with a third count, and so on. Like the court in *Hunnicutt*, we see nothing in section 791 to support such a result. *Cf. Bell v. United States*, 349 U.S. 81, 83–84, 75 S.Ct. 620, 622, 99 L.Ed. 905 (1955) (rule of lenity requires that doubt as to legislature's intent in punishing for offense be resolved against turning a single transaction into multiple offenses); *United States v. Jones*, 841 F.2d 1022, 1023 (10th Cir.1988) (same).

■ Moreover, under Oklahoma law, "[r]obbery is a crime against the person," *Orcutt v. State*, 52 Okl.Cr. 217, 3 P.2d 912, 915 (1931), as opposed to a crime against property. The critical element of robbery is the victim's awareness that he or she is being robbed, that is, that property is being taken through fear or force applied against the victim. *See* Okla.Stat. tit. 21, § 796 (taking secretly not robbery). Where two individuals are robbed of separately owned property at the same time and place in one incident, two robbery offenses are committed, and no double jeopardy problems arise. *Orcutt*, 3 P.2d at 916; *Johnson v. State*, 650 P.2d 875, 876 (Okla.Crim.App.1982); *cf. Keeling v. State*, 810 P.2d 1298, 1301 (Okla. Crim.App.1991) (vacating on double jeopardy grounds one of two robbery convictions arising from single incident in which store money was taken from each of two clerks on basis that all money taken belonged to store).

---

5. Respondent does not contend, nor are we aware of any facts indicating, that Mansfield's taking of the store's money and the clerk's money occurred on separate occasions or in separate incidents such as to justify two separate robbery convictions. *See United States v. Jordan*, 890 F.2d 247, 251–52 (10th Cir.1989) (no double jeopardy violation for four convictions for know-

ingly making a false statement where same false statement made on four separate occasions); *Salyer v. State*, 761 P.2d 890, 893–94 (Okla.Crim.App.1988) (no double jeopardy violation for separate convictions for sodomy occurring in living room and in bedroom where acts separated by significant time and distance).

Only one person was robbed in the present case. It is undisputed that the store clerk had control or possession of both the store's money and his own. Since ownership of the property under the control of the person being robbed is irrelevant, no facts were proved here that supported two separate robbery convictions. Thus, "[t]he fact that the items taken belonged to the [store clerk] personally and to the [store] he worked for [does] not make the robbery two offenses." *White v. State*, 694 S.W.2d 825, 827 (Mo.Ct. App.1985). This appears to be the general rule.[6]

Oklahoma law concerning the crime of larceny further supports our conclusion that Mansfield committed only one offense. Robbery and larceny are closely related. *Compare* § 791 *with* § 1701 ("Larceny is the taking of personal property accomplished by fraud or stealth, and with intent to deprive another thereof.") Robbery is essentially larceny committed through means of force or fear against an individual. *See Mitchell v. State*, 408 P.2d 566, 570 (Okla. Crim.App.1965); *Marks v. State*, 69 Okl.Cr. 330, 102 P.2d 955, 959 (1940); *see also* Charles E. Torcia, *Wharton's Criminal Law* § 469 (14th ed. 1981) ("A larceny is aggravated and becomes robbery when (1) the property is taken from the person or presence of another, and (2) the taking is accomplished by the use of force or threatened force. . . ."). Like most jurisdictions, Oklahoma follows what is known as the "single larceny" or "single theft" rule. Under this rule, "the larceny of property belonging to two or more persons at the same time and place and by the same act or transaction constitutes but one offense." *Tucker v. State*, 8 Okl.Cr. 428,

128 P. 313, 315 (1912); *see also McCormick v. State*, 279 P.2d 359, 365 (Okla.Crim.App. 1954) (acknowledging rule); Daniel H. White, Annotation, *Single or Separate Larceny Predicated upon Stealing Property from Different Owners at the Same Time*, 37 A.L.R.3d 1407, 1409 (1971) (noting that "overwhelming majority of jurisdictions" follow single larceny rule). The basis for the rule is that

"[t]he matter of ownership does not characterize the crime. Neither the legal nor moral phase of the offense is affected by the fact that portions of property taken may have belonged to different persons, and there is no ground, on the one hand, for allowing the state to split up the single act of the accused into subjects for several prosecutions, nor, on the other hand, for denying it the right to prosecute for the entire transaction as a single offense, aggravated by increased value of all the property stolen."

*Reader v. State*, 349 A.2d 745, 747 (Del.1975) (quoting *State v. Sampson*, 157 Iowa 257, 138 N.W. 473, 475 (1912)).

We see no logical reason why the single larceny rule is not applicable to the larceny element of robbery, as other courts have held. *See, e.g., Lockhart*, 296 A.2d at 885–86. We therefore conclude that Mansfield was subjected to multiple punishments for the same offense in violation of the double jeopardy clause, and that one of his state court convictions must be vacated.

## II

Mansfield raises several issues concerning the constitutionality of his prior convictions that were used to enhance his two 1984 rob-

---

**6.** *See, e.g., Stark v. Commonwealth*, 828 S.W.2d 603, 607 (Ky.1991) ("[R]obbery is an offense against a person and not an offense against property and . . . the act condemned is physical injury . . . upon a person and not against the store safe from which the business funds were obtained."); *State v. McQueen*, 224 Kan. 420, 582 P.2d 251, 260 (1978) ("Multiple offenses cannot be carved out of a single robbery because of separate ownership of the property taken."); *Creecy v. State*, 235 Ga. 542, 221 S.E.2d 17, 19 (1975) ("Robbery is a crime against possession, and is not affected by concepts of ownership. Similarly, one may only rob a person, and not a corporate entity, or an object such as a cash drawer."); *Common-*

*wealth v. Lockhart*, 223 Pa.Super. 60, 296 A.2d 883, 885 (1972) ("It would certainly be an absurd and oppressive miscarriage of justice to convict a defendant of multiple robberies and possibly sentence him to consecutive terms of imprisonment for the rest of his life, where the goods and/or money taken from one victim belonged to several, distinct owners."). *Contra United States v. Diggs*, 522 F.2d 1310, 1323 (D.C.Cir.1975) (affirming two robbery convictions where money taken both from store and from store employee), *cert. denied*, 429 U.S. 852, 97 S.Ct. 144, 50 L.Ed.2d 127 (1976); *Lash v. State*, 433 N.E.2d 764, 765 (Ind.1982) (same).

bery convictions,[7] and then contends he received ineffective assistance of counsel because his counsel failed to raise these issues. At the time of his 1984 arrest and trial, Mansfield had at least eight prior felony convictions: five robbery convictions in Texas in 1953; two 1964 convictions in Oklahoma for attempted robbery after former conviction of a felony; and a 1975 conviction in Oklahoma for attempted burglary after former conviction of a felony. Apparently the state initially tried to use all eight convictions to enhance the sentences for robbery in 1984, but later dropped the five Texas convictions which were declared invalid by an Oklahoma state court in 1978 as a result of Mansfield's request for post-conviction relief on his 1964 convictions. As the district court noted,

> Texas had in place at the time of Mansfield's 1953 convictions a statute similar to Title 10 O.S.1971 § 1101, which required certification hearings for females ages 16 to 18 before they could be tried as an adult, but males age 16 and older could be tried as an adult without a certification hearing. Both statutes later were ruled unconstitutional, saying they violated the Equal Protection Clause of the 14th Amendment. *Lamb v. Brown*, 456 F.2d 18 (10th Cir.1972), *Ex Parte Matthews*, 488 S.W.2d 434 (Tex.Crim.App.1973)[, *overruled in part on other grounds, Ex Parte Trahan*, 591 S.W.2d 837, 840 (Tex.Crim. App.1979) ].

Rec., vol. I, doc. 20 at 2 n. 1. In its analysis of the validity of the convictions used to enhance Mansfield's 1984 sentences, the district court focused on the two 1964 convictions and the 1975 conviction.

Mansfield contends that his invalid Texas convictions "tainted" his 1964 and 1975 convictions, somehow making the later convictions also invalid and not available for enhancement purposes. He also contends that the district court should have determined whether his guilty plea in his 1975 conviction was knowledgeable and voluntary as required by *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and *Dunn v. Simmons*, 877 F.2d 1275 (6th Cir. 1989), *cert. denied*, 494 U.S. 1061, 110 S.Ct. 1539, 108 L.Ed.2d 778 (1990).[8] *See also Sena v. Romero*, 617 F.2d 579, 580 (10th Cir.1980).

The district court determined that the invalid Texas convictions only affected the sentences Mansfield received, not the convictions, and that these sentences were corrected by the post-conviction relief granted to Mansfield in 1978. It found the 1964 convictions to be valid and capable of being used for enhancement.

The district court agreed with Mansfield that *Boykin* applied to the 1975 guilty plea and noted that the record, which did not include transcripts of the hearings at which the plea was accepted, did not disclose whether the guilty plea was knowledgeable and voluntary. However, the district court found it was not necessary to examine the validity of Mansfield's guilty plea because it determined that Mansfield was barred by the doctrine of laches under Oklahoma law from challenging this plea, relying on *Allen v. Raines*, 360 P.2d 949 (Okla.Crim.App.1961), and *In re Lewis*, 339 P.2d 799 (Okla.Crim.App.), *cert. denied*, 359 U.S. 995, 79 S.Ct. 1129, 3 L.Ed.2d 983 (1959).

We agree with the district court that the 1978 post-conviction relief altered only the sentences for the 1964 convictions and did not affect the fact of the 1964 convictions. These convictions could therefore be used for enhancement purposes. However, the 1978 post-conviction relief does affect how the

---

7. Our conclusion in Part I that one of Mansfield's 1984 convictions was invalid also invalidates the enhancement of that conviction. Thus, only one (enhanced) 1984 conviction remains to be addressed.

8. In the district court, Mansfield also challenged the guilty pleas in his 1964 convictions on this same basis. The district court dismissed this argument on the basis that Oklahoma courts do not apply *Boykin* retroactively, citing *Stowe v. Oklahoma*, 612 P.2d 1362 (Okla.Crim.App.1980), and Mansfield does not challenge his 1964 convictions on this basis on appeal. Although the district court should have relied on federal rather than Oklahoma law in analyzing application of a federal constitutional right in a § 2254 case, federal law also prohibits *Boykin* from being applied retroactively. *See, e.g., Cox v. Kansas*, 456 F.2d 1279, 1280 (10th Cir.1972); *Benn v. Eyman*, 436 F.2d 1074, 1075 (9th Cir.1971); *United States ex rel. Rogers v. Adams*, 435 F.2d 1372, 1374 (2d Cir.1970), *cert. denied*, 404 U.S. 834, 92 S.Ct. 115, 30 L.Ed.2d 64 (1971).

1964 convictions can be used. Mansfield was originally sentenced to fifteen years for his 1964 conviction for attempted armed robbery after former conviction of a felony and to five years for his conviction for attempted robbery by force after former conviction of a felony, with the sentences to run consecutively. After finding the former Texas convictions to be invalid, the state court granting the post-conviction relief modified both sentences to five years each, to run concurrently.[9] As a result, Mansfield's sentences for the 1964 convictions effectively ended in 1969.

That fact becomes important in light of the Oklahoma statute providing for enhanced sentences and Mansfield's constitutional challenge to his 1975 conviction, which is the only other conviction available for enhancement purposes. The statute under which Mansfield's 1984 conviction was enhanced states that

> [e]very person who, having been twice convicted of felony offenses, commits a.third, or thereafter, felony offenses *within ten (10) years of the date following the completion of the execution of the sentence,* shall be punished by imprisonment in the State Penitentiary for a term of not less than twenty (20) years.

Okla.Stat. tit. 21, § 51(B) (emphasis added). Because the sentences for Mansfield's 1964 convictions effectively ended in 1969, these convictions were stale and by themselves could not enhance his 1984 conviction.[10] Nevertheless, if a person thereafter commits another felony within ten years of a current offense, that non-stale felony "operate[s] to revitalize the two prior [stale] convictions ... within the meaning of that portion of 21 O.S.Supp.1975, § 51A, stating: 'provided, said person has not, in the meantime, been convicted of a misdemeanor involving moral turpitude or felony.'" *Venable v. State,* 567 P.2d 1006, 1009 (Okla.Crim.App.1977). The

1964 convictions could thus be so used in conjunction with a later felony. *Accord Robinson v. State,* 806 P.2d 1128, 1129 (Okla.Crim.App.1991).

■ Mansfield's 1975 conviction falls within the ten-year period required under section 51(B) and, if valid, forms the basis for enhancing the 1984 conviction along with the 1964 convictions. As noted earlier, the district court relied on Oklahoma law of laches in rejecting Mansfield's contention that his 1975 conviction was invalid because he failed to challenge it until 1989. The district court did not rely on, nor did respondent make, any specific allegations of prejudice to respondent's ability to respond to Mansfield's claim due to the lapse of time.

The district court's reliance on Oklahoma state law of laches was misplaced. *See Estelle v. McGuire,* —— U.S. ——, ——, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991) (federal habeas court can review only for federal constitutional, statutory, or treaty errors). Because this is a federal habeas case, the court should have relied on the applicable federal analogue of laches, Rule 9(a) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. Under Rule 9(a)

> [a] petition may be dismissed if it appears that the state of which the respondent is an officer has been prejudiced in its ability to respond to the petition by delay in its filing unless the petitioner shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred.

To establish adequate grounds for dismissal under Rule 9(a), " '[t]he state must make a particularized showing of prejudice in its ability to respond' " to the petition. *Hannon v. Maschner,* 845 F.2d 1553, 1555 (10th Cir. 1988) (quoting *Bowen v. Murphy,* 698 F.2d

---

**9.** Moreover, the state court ordered that the sentences be modified nunc pro tunc and also declared that "the Petitioner is also entitled, onto any sentence ... which he may be serving and/or be subject to as of the date of this Order, a credit of fifteen years [ ] for the time erroneously served herein." Order(s) Granting Post–Conviction Relief, Nos. 20626 and 20627, at 2 (Okla.Dist.Ct., Tulsa Cty., Dec. 15, 1978).

**10.** The ten-year period runs from the completion of the sentence to the date the subsequent felony is committed. *See Coats v. State,* 589 P.2d 693, 696 (Okla.Crim.App.1978). The robbery resulting in the 1984 conviction occurred in 1984.

381, 383 (10th Cir.1983)). "Delay alone is not sufficient to dismiss a petition pursuant to Rule 9(a)." *Bowen,* 698 F.2d at 383. In addition, "[o]nce the state has proven prejudice, the petitioner must be accorded an opportunity to respond either by disputing the existence of prejudice or by proving 'that for some period of the time between his conviction and seeking the writ he could not have had knowledge of the grounds his petition asserts.'" *Hannon,* 845 F.2d at 1555 (quoting *Marks v. Estelle,* 691 F.2d 730, 734 (5th Cir.1982), *cert. denied,* 462 U.S. 1121, 103 S.Ct. 3090, 77 L.Ed.2d 1351 (1983)).

Here, the district court neither required the respondent to meet its burden of proving prejudice nor allowed Mansfield to respond to any prejudice claim. However, the court's error in not following Rule 9(a) does not require a remand because the Supreme Court's recent decision in *Parke v. Raley,* — U.S. ——, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992), negates Mansfield's challenge to his 1975 conviction.

█. Mansfield pleaded guilty to and was convicted of attempted burglary in 1975. To establish that conviction during his 1984 enhancement proceedings, the state relied on the judgment and sentence from his 1975 conviction. Under Oklahoma law, a certified copy of a judgment and sentence constitutes prima facie evidence of a prior conviction for enhancement purposes. *See Welliver v. State,* 620 P.2d 438, 440 (Okla. Crim.App.1980); *Conner v. State,* 518 P.2d 1271, 1272 (Okla.Crim.App.1974). The burden then shifts to the defendant to produce evidence to rebut the prima facie case, while the state retains the ultimate burden of persuasion on proving the prior conviction. *Mitchell v. State,* 659 P.2d 366, 369 (Okla. Crim.App.1983). Mansfield claims that he objected to the use of the 1975 judgment and sentence at his 1984 trial, but does not claim that he produced any evidence rebutting the validity of the judgment and sentence.

As mentioned above, the district court noted that the record does not include the transcript of the hearing at which Mansfield's guilty plea was accepted and that the record does not otherwise disclose whether Mans-field's plea was knowledgeable and voluntary. Relying on *Dunn,* 877 F.2d at 1275, Mansfield argues that the judgment and sentence alone was insufficient to show that his guilty plea was intelligent and voluntary. In *Dunn,* the Sixth Circuit held in a habeas case that Kentucky's procedure of combining a bare judgment of conviction with a presumption of regularity of conviction to show the validity of a prior conviction was insufficient to prove that a prior guilty plea had been made intelligently and voluntarily. *Id.* at 1277–78. The court found that this violated the prohibition established in *Boykin,* 395 U.S. at 243, 89 S.Ct. at 1712, against presuming from a silent record a waiver of the rights to trial by jury and to confront one's accusers and the privilege against self-incrimination. *Dunn,* 877 F.2d at 1277. It held that when there is no transcript of the prior guilty plea proceeding, the prosecution has the entire burden of proving the plea's validity and that no presumption of regularity attaches to the judgment. *Id.* Presented with a similar factual situation, the Sixth Circuit reiterated its position that *Boykin* applies in habeas attacks on prior guilty pleas in *Raley v. Parke,* 945 F.2d 137, 141 (6th Cir.1991).

In *Parke v. Raley,* — U.S. at ——, 113 S.Ct. at 517, the Supreme Court reversed the Sixth Circuit, approved the Kentucky procedure, and effectively overruled *Dunn.* Acknowledging that *Boykin* essentially presumes the invalidity of prior guilty pleas, the Court found that presumption to be valid when applied to a direct attack on a guilty plea but inappropriate in a collateral attack where it collides with the "deeply rooted ... 'presumption of regularity' that attaches to final judgments, even when the question is waiver of constitutional rights." *Id.,* — U.S. at ——, 113 S.Ct. at 523. The Court found no reason to presume on collateral review "from the mere unavailability of a transcript ... that the defendant was not advised of his rights." *Id.,* — U.S. at ——, 113 S.Ct. at 524. The Court thus held that the "Due Process Clause permits a State to impose a burden of production on a recidivism defendant who challenges the validity of a prior conviction under *Boykin.*" *Id.,* — U.S. at ——, 113 S.Ct. at 525–26.

We conclude that *Parke* is directly applicable to and controls this case. The Kentucky procedure approved in *Parke* is virtually identical to the Oklahoma procedure that Mansfield challenges. Both procedures allow the state to make its prima facie case of prior conviction through the judgment in the prior case alone. Both procedures then shift the burden of production to the defendant to produce evidence showing the invalidity of the prior conviction. Mansfield makes no arguments that *Parke* did not resolve. We therefore conclude that his challenge to his 1975 conviction fails.

### III

We have considered Mansfield's remaining arguments and find them to be unpersuasive or moot as a result of our determinations above. To sum up, the district court's judgment on the double jeopardy issue is RE-VERSED and one of Mansfield's robbery convictions must be vacated; the remainder of the district court's judgment is AF-FIRMED; and the case is REMANDED for further proceedings in accordance with this opinion.