FILED
United States Court of Appeals
Tenth Circuit

**May 8, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MARLIN D. LONG,

      Petitioner-Appellant,

v.

RAY ROBERTS, Warden, El Dorado
Correctional Facility

      Respondent-Appellee.

No. 07-3326
(D.C. Nos. 07-CV-3009-MLB and
07-CV-3044-MLB)
(D. Kan.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **O'BRIEN**, **EBEL**, and **GORSUCH,** Circuit Judges.

---

Marlin Long, a Kansas prisoner proceeding pro se, requests a certificate of

appealability (COA) as a prerequisite to his appeal from the district court's denial

of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. See 28

U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from a final order

disposing of a § 2254 petition unless the petitioner first obtains a COA). Long

also moves to proceed in forma pauperis. We grant Long's request to proceed in

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

forma pauperis and deny Long's request for a COA because we conclude that he has not made the requisite showing. See id. § 2253(c)(2) ("A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.").

Long was convicted of five counts of rape, two counts of aggravated sodomy, and aggravated burglary in Kansas state court. The court sentenced Long to 1,487 months. Long, proceeding pro se, filed his § 2254 petition and sought relief on eleven issues. After considering Long's arguments, the district court denied relief on all eleven issues and denied Long's request for a COA. Long now seeks a COA for four of the issues raised to the district court: (1) his conviction on one count violated his Fifth Amendment right against double jeopardy; (2) his conviction on five counts of rape for a single event also violates the Double Jeopardy Clause of the Fifth Amendment; (3) his trial and appellate counsel provided ineffective assistance; and (4) the state court improperly failed to suppress evidence obtained in violation of the Fourth Amendment. We consider each of these issues in turn.

As noted, we may only grant a request for a COA if the petitioner has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In other words, Long must show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed

further." Fleming v. Evans, 481 F.3d 1249, 1254 (10th Cir. 2007) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Long first asserts that his constitutional rights were violated because he was convicted of a crime for which he had previously been acquitted. During Long's first trial, the jury was unable to reach a verdict; however, at one point during the jury deliberations, the jury sent the judge a note, which indicated the current votes for the eight counts Long faced. The vote for Count 3 was "0-12." The judge then questioned the jury in open court, and the jury foreman indicated that the jury was not unanimous on that count, but that instead, it represented a tentative compromise among the jurors. Long then requested that the jury continue to deliberate. Ultimately, the jury was not able to reach a unanimous verdict on any count and the judge declared a mistrial. Long argues that his Fifth Amendment rights have been violated because, at his second trial, he was convicted of Count 3 in spite of his prior acquittal on that count.

The protections of the Double Jeopardy Clause do not apply when a judge declares a mistrial due to a "hung jury" because the mistrial does not terminate the original jeopardy the defendant faces. Richardson v. United States, 468 U.S. 317, 325 (1984). To bar a second trial, a defendant must receive a "valid and final judgment" of acquittal, Ashe v. Swenson, 397 U.S. 436, 443 (1970), rendered by a unanimous jury, United States v. Merlino, 310 F.3d 137, 142 (3d Cir. 2002). In the instant case, the preliminary vote on Count 3 does not

constitute the type of final judgment necessary to terminate jeopardy. Instead, the vote was a snapshot of the jury's deliberations, which the jury specifically stated did not indicate that they had reached a unanimous verdict. Accordingly, Long has not demonstrated the denial of a constitutional right, and thus, we cannot grant a COA on this issue.

Long also asserts that he is entitled to a COA because his five rape convictions for a single event violate the Double Jeopardy Clause. The Fifth Amendment protects against multiple prosecutions for the same conduct. See, e.g., Thomas v. Kerby, 44 F.3d 884, 887 (10th Cir. 1995). We evaluate this type of multiple-punishment claim by determining whether the state legislature "provided for multiple offenses under the circumstances." Id. Thus, "[i]n a habeas corpus proceeding under section 2254, a federal court should defer to a state court's interpretation of state law in determining whether an incident constitutes one or more than one offense for double jeopardy purposes." Mansfield v. Champion, 992 F.2d 1098, 1100 (10th Cir. 1993). In the instant case, given the facts, the Kansas Court of Appeals determined that the Kansas statute permitted a conviction for multiple offenses. State v. Long, 993 P.2d 1237, 1241 (Kan. Ct. App. 1999). We defer to this state court decision on state law, and therefore conclude that Long has not demonstrated a denial of his Fifth Amendment rights.

Long also seeks a COA for his claim that his trial and appellate counsel provided ineffective assistance. The standard analysis for an ineffective assistance of counsel claim is familiar and well established. To prevail, a petitioner must demonstrate: (i) "that his attorney's performance was deficient, as measured against an objective standard of reasonableness," and (ii) that there is a "reasonable probability that, but for his counsel's deficient performance, the result of the proceeding would have been different." Mayes v. Gibson, 210 F.3d 1284, 1288 (10th Cir. 2000). When applying this test, we begin with the strong presumption that the petitioner's counsel acted reasonably. See id. ("[T]he Supreme Court admonishes us to free our inquiry from 'the distorting effects of hindsight' by indulging in a strong presumption [that] counsel acted reasonably." (quoting Strickland v. Washington, 466 U.S. 668, 689 (1984)).

Long first argues that his counsel was ineffective because he failed to call an expert witness to rebut the state's witnesses' testimony regarding the victim's injuries incurred during the sexual assault. Although Long suggests that an expert might testify that the injuries at issue could have been incurred during consensual sexual activity, nothing in the record supports this assertion. Thus, Long's argument founders on the first prong of the Strickland test because he made no showing in the record regarding the content of the potential expert witness testimony. See Cummings v. Sirmons, 506 F.3d 1211, 1233 (10th Cir. 2007) (holding that a petitioner's ineffective assistance claim failed to satisfy

Strickland's first prong because nothing demonstrated the content of a potential expert's testimony).  Without some indication of the content of the potential expert witness testimony, we cannot conclude that Long's counsel provided ineffective assistance.

Long also contends that his counsel provided ineffective assistance because he failed to effectively cross-examine some of the state's witnesses.  This argument similarly fails to satisfy Strickland's first prong.  We have previously concluded that counsel's cross-examination method is a matter of trial strategy subject to the strong presumption that the counsel acted reasonably.  Richie v. Mullin, 417 F.3d 1117, 1124 (10th Cir. 2005).  In the instant case, nothing in the record rebuts this presumption.  Long surely would have preferred the state's witnesses to testify on cross-examination that the victim's injuries were consistent with consensual sexual activity; however, the failure to elicit such testimony does not indicate that Long's counsel acted unreasonably.

Long also asserts that his counsel was deficient because he failed to make several motions and objections during the trial.  We have reviewed each potential motion and objection, and conclude that Long failed to make a substantial showing that his constitutional rights were violated for substantially the reasons stated by the Kansas Court of Appeals.  Therefore, for the reasons stated above, we conclude that we cannot grant Long a COA on his ineffective assistance of counsel claim.

Long's final argument rests on the Fourth Amendment. He contends that the state court wrongly failed to suppress evidence discovered after the police entered his friend's apartment and discovered Long inside. This argument fails because Long does not have standing to challenge the police search of his friend's apartment.[1] To have standing, an individual must satisfy a two-part test: (i) "whether the individual, by his conduct has exhibited an actual (subjective) expectation of privacy," and (ii) "whether the individual's subjective expectation of privacy is one that society is prepared to recognize as reasonable." United States v. Jones, 213 F.3d 1253, 1260 (10th Cir. 2000) (internal quotation marks omitted) (quoting United States v. Dodds, 946 F.2d 726, 728 (10th Cir. 1991)).

In the instant case, Long's friend had previously consented to Long spending the night at his apartment; however, the friend left the bar where he and Long had been drinking and went home to go to bed. Long and his friend did not make plans regarding where Long would be spending the night, and the friend testified that if Long planned to stay at his apartment, he expected him to knock

---

[1] We also note, however, that Stone v. Powell bars Long's Fourth Amendment challenge. See 428 U.S. 465, 496 (1976) ("[W]e conclude that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment Claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." (footnote omitted)). Thus, even if Long had standing to challenge the search, we could not consider that challenge because he had a full and fair opportunity to challenge the search in Kansas state court. See Long, 993 P.2d at 1241–43.

on the door. Instead, upon finding the door to the apartment locked, Long broke down the door.

In general, overnight guests have a legitimate and reasonable expectation of privacy in their host's home. See, e.g., Minnesota v. Olson, 495 U.S. 91, 99–100 (1990). The Fourth Amendment, however, does not protect an individual's subjective expectation of privacy in a home he has entered without consent. See Jones, 213 F.3d at 1260 (holding that an individual staying at a condominium without the owner's consent did not have an expectation of privacy that society was prepared to accept as reasonable). Thus, assuming Long had a subjective expectation of privacy, he lacks standing to challenge the search because society is not prepared to protect that expectation.

For the reasons stated above, we conclude that Long has not substantially demonstrated that the proceedings in Kansas state court violated his constitutional rights. Accordingly, we DENY each of Long's requests for a COA, DISMISS this appeal, and GRANT Long's request to proceed in forma pauperis.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge