**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 19, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BERNARD JONES,

　　　　　Petitioner - Appellant,

v.

LOU ARCHULETA, Warden; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

　　　　　Respondents - Appellees.

No. 16-1398
(D.C. No. 1:15-CV-01829-PAB)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.

　　　　Petitioner Bernard Jones, a state prisoner represented by counsel, seeks a certificate of appealability to appeal the district court's denial of his § 2254 habeas application.

　　　　Petitioner is serving a lengthy state prison sentence for conspiracy to possess cocaine as a habitual criminal. In his § 2254 petition, he raised five claims for relief:  (1) his federal constitutional rights were violated when the

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

conspiracy count was amended several years after the statute of limitations had run; (2) his conviction was barred by the Double Jeopardy Clause because he was also fined under a controlled substance tax for possession of the drugs that were involved in his criminal conviction for conspiracy; (3) Petitioner received ineffective assistance of counsel when trial counsel inadvertently solicited incriminating hearsay regarding a confidential informant; (4) counsel was ineffective for failing to attack the validity of Petitioner's earlier convictions that formed the basis for his sentencing as a habitual offender; and (5) Petitioner received ineffective assistance of counsel based on counsel's failure to perform a reasonable investigation in preparation for trial. The district court denied relief as to all of these claims. Petitioner now seeks to appeal the district court's ruling as to his first four claims for relief. He does not raise any arguments regarding the fifth claim raised in his habeas application, and we accordingly will not address this claim in determining whether Petitioner is entitled to a certificate of appealability.

After thoroughly reviewing the record and Petitioner's arguments on appeal, we conclude that reasonable jurists would not debate the district court's denial of habeas relief. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). First, the district court correctly concluded that Petitioner's first claim was procedurally barred because Petitioner did not raise any federal constitutional claims relating to the amendment of the indictment in the state court proceedings. *See Anderson*

*v. Harless*, 459 U.S. 4, 6 (1982) ("[Section] 2254 requires a federal habeas petitioner to provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim. It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." (citations omitted)). Second, as the district court explained more comprehensively below, Petitioner has not shown the state court's disposition of his double jeopardy argument was contrary to clearly established federal law. *See Mansfield v. Champion*, 992 F.2d 1098, 1100 (10th Cir. 1993) ("In a habeas corpus proceeding under section 2254, a federal court should defer to a state court's interpretation of state law in determining whether an incident constitutes one or more than one offense for double jeopardy purposes."). Third, the state court conducted a thorough postconviction review of Petitioner's claim regarding trial counsel's solicitation of evidence regarding the confidential informant and concluded the evidence did not prejudice Petitioner's case, given the other evidence linking Petitioner to drug sales. We are not persuaded the state court determination was based on an unreasonable determination of the facts or an unreasonable application of clearly established federal law, and Petitioner accordingly has not demonstrated that he is entitled to habeas relief on this claim. *See* 28 U.S.C. § 2254(d). Finally, the state court held multiple postconviction hearings at which it heard testimony from Petitioner, at least one attorney who represented Petitioner

in an earlier criminal case, and at least two eyewitnesses to the events that gave rise to Petitioner's first criminal conviction. After hearing all of this testimony, the state court found as a factual matter that even if trial counsel in this case had challenged the validity of the earlier convictions, these convictions would have been affirmed. Again, Petitioner has not shown the state court's holding was based on an unreasonable determination of the facts, nor has he otherwise demonstrated an entitlement to federal habeas relief.

We therefore **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal.

ENTERED FOR THE COURT


Monroe G. McKay
Circuit Judge