**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 29 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

TONY GLEN MARK,

      Petitioner-Appellant,

v.

EDWARD L. EVANS; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

      Respondent-Appellee.

No. 96-6419
(D.C. No. 94-CV-1170-C)
(W.D. Okla)

ORDER AND JUDGMENT[*]

Before PORFILIO and LUCERO, Circuit Judges, and MARTEN,[**] District Judge.

After examining the brief of petitioner and the appellate record, this panel

has determined unanimously that oral argument would not materially assist the

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    The Honorable J. Thomas Marten, District Judge, United States District Court for the District of Kansas, sitting by designation.

determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Petitioner, appearing pro se, seeks review of the district court's order dismissing his petition for habeas relief under 28 U.S.C. § 2254.  He raises four issues:  (1) whether his convictions violated the Double Jeopardy Clause; (2) whether the admission of a statement given by a nontestifying codefendant violated the Confrontation Clause and infringed upon his right to a fair trial; (3) whether he was denied due process when the jury observed him in the courtroom wearing handcuffs at the close of the trial's sentencing phase; and (4) whether admission into evidence of two prior felony convictions violated Oklahoma state law and infringed upon his right to a fair trial.

Before petitioner can proceed on appeal, he must secure a certificate of probable cause from this court, pursuant to 28 U.S.C. § 2253.[1]  A habeas petitioner is entitled to a certificate of probable cause only if he makes "a

---

[1]      Because petitioner filed his habeas petition in 1995, before enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat.1214, AEDPA's certificate of appealability requirements do not apply to this appeal.  See United States v. Kunzman, ___ F.3d ___, No. 96-1310, 1997 WL 602507, at *1 n.2 (10th Cir. Oct. 1, 1997).  Instead, the pre-AEDPA certificate of probable cause requirements apply here.  Regardless of the label we attach to the requirements, petitioner's substantive burden is the same.  See Lennox v. Evans, 87 F.3d 431, 434 (10th Cir. 1996), cert. denied, 117 S. Ct. 746 (1997), overruled in part by Kunzman, 1997 WL 602507.  Therefore, we will construe his application for a certificate of appealability as an application for a certificate of probable cause.

substantial showing of the denial of an important federal right by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings." Gallagher v. Hannigan, 24 F.3d 68, 68 (10th Cir. 1994) (citing Barefoot v. Estelle, 463 U.S. 880 (1983)).

Based upon our review of the record as a whole, we conclude that the petitioner has made a substantial showing of a denial of a federal right on the first two issues listed above, and has failed to make the requisite showing on the remaining issues. Accordingly, we grant a certificate of probable cause and proceed to the merits of petitioner's appeal on only the issues relating to double jeopardy and admission of the codefendant's statement.[2]

---

[2]     Petitioner's arguments on the remaining issues fall far short of the standard for a grant of certificate of probable cause. He correctly states the general rule that the jury should not be permitted to see a criminal defendant in physical restraints. See Estelle v. Williams, 425 U.S. 501, 503-05 (1976) (explaining that a defendant in a criminal case is presumed innocent and, therefore, should be accorded the indicia of innocence in a jury trial); Illinois v. Allen, 397 U.S. 337, 344 (1970) (noting that the sight of handcuffs may have a significant effect on the jury's feelings about the defendant); United States v. Zuber, 118 F.3d 101, 103 (2d Cir. 1997) (noting that courts have held that the rationale applies with "equal force in the context of jury sentencing"). However,"courts will find harmless error where it is determined that the use of restraints was unlikely to have influenced members of the jury." See id.

The jury observed petitioner in handcuffs only after it had agreed upon and submitted the sentencing verdict forms to the court. Because there were extraneous markings on the forms, the court ordered the jury to retire again. The

(continued...)

# FACTUAL BACKGROUND

Petitioner was convicted and sentenced for his participation in crimes committed in the home of Mary Helen and Victor J. Turner in Stratford, Oklahoma. Petitioner and codefendant Don Ray Wallace broke into the Turner's house and began searching for a safe and objects of value. When Mrs. Turner arrived home from the grocery store, they tied her hands and feet, one held a knife to her throat, and both threatened her with drowning unless she told them the location of the safe, in which they believed the Turners kept money, gold, and silver. Petitioner pointed a gun at Mrs. Turner and demanded diamonds, so she gave him the rings she was wearing. The men then continued rummaging through the house.

---

[2](...continued)
jury returned to the courtroom with the same verdicts, absent the markings. The jury's verdict was not affected by the sight of petitioner in handcuffs and, as a consequence, any resulting error was harmless.

Similarly without merit is petitioner's claim that the State's presentation of prima facie evidence of three former convictions for enhancement purposes deprived him of the right to a fair trial. Petitioner claims that, under Oklahoma law, two of these three convictions must be counted as one because they arose out of one transaction and occurrence. He offered no evidence or argument on these convictions in the trial court and no evidence in habeas proceedings. Accordingly, he failed to meet his burden of showing the invalidity or inapplicability of the convictions. See Mansfield v. Champion, 992 F.2d 1098, 1105, 1106 (10th Cir. 1993) (holding constitutional the Oklahoma procedure providing that a certified copy of judgment and sentence constitutes prima facie evidence of prior conviction and shifting the burden to defendant to produce evidence showing the invalidity of the conviction).

Approximately two hours later, Mr. Turner returned home. Upon his arrival, petitioner grabbed him, fired a shot toward him, hit and kicked him, took his wallet, and told him that he would kill him unless he opened the safe. Petitioner fled when Mr. Turner's son and another individual arrived. He was apprehended the next morning.

After a jury trial, petitioner was convicted on eight separate counts: conspiracy, second-degree burglary, kidnaping, robbery with a firearm (two counts), assault with a dangerous weapon, shooting with intent to kill, and larceny from a house. He received consecutive sentences on each count. On direct appeal, the Oklahoma Court of Criminal Appeals reversed the convictions for assault with a dangerous weapon and larceny from a house on double jeopardy grounds, but affirmed the remaining convictions and sentences.

Petitioner then sought habeas relief. The matter was referred to a magistrate judge, pursuant to 28 U.S.C. § 636(b)(1)(B), who recommended that the petition be denied. Upon consideration of the magistrate judge's thorough report and recommendation and the petitioner's objections, the district court denied the petition.

## DISCUSSION

In reviewing the denial of petitioner's federal habeas corpus petition, we accept the district court's findings of fact unless clearly erroneous, and we review the court's conclusions of law de novo. See Matthews v. Price, 83 F.3d 328, 331 (10th Cir. 1996). We turn first to petitioner's claim that his convictions violated the Double Jeopardy Clause.

The Double Jeopardy Clause protects against imposing multiple punishments for the same offense. See North Carolina v. Pearce, 395 U.S. 711, 717 (1969), overruled on different grounds by Alabama v. Smith, 490 U.S. 794 (1989). "[W]here the same act or transaction constitutes a violation of two statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932). "With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." Missouri v. Hunter, 459 U.S. 359, 366 (1983). We defer to the state court's interpretation of the relevant state statutes. See Brecheisen v. Mondragon, 833 F.2d 238, 240 (10th Cir. 1987).

Each charge of conspiracy, burglary, kidnaping, robbery with a firearm, and shooting with intent to kill required proof of an additional element or fact that the others did not. Moreover, the Oklahoma Court of Criminal Appeals determined that petitioner's sentences were in compliance with Oklahoma law. For substantially the same reasons stated in the magistrate judge's report and recommendation, we determine that petitioner's convictions did not violate the Double Jeopardy Clause.

The second issue in this appeal is petitioner's claim that admission of a statement given by Wallace, who did not testify at their joint trial, violated his right to confront witnesses against him and deprived him of a fair trial. A defendant's right of confrontation includes the right not to have the incriminating hearsay statement of a nontestifying codefendant admitted in evidence against him. See Bruton v. United States, 391 U.S. 123, 137 (1968). In Schneble v. Florida, 405 U.S. 427, 432 (1972), however, the Supreme Court held that "unless there is a reasonable possibility that the improperly admitted evidence contributed to the conviction, reversal is not required." The admission of a nontestifying codefendant's confession may be harmless error if the properly admitted evidence is so overwhelming and the prejudicial effect of the codefendant's statement is so insignificant that an average jury "would not have found the State's case significantly less persuasive had the testimony as to [codefendant's] admission

been excluded." Id. at 432.  See also Brecht v. Abrahamson, 507 U.S. 619, 623 (1993) (holding that a habeas petitioner challenging a trial error is entitled to relief only if the error had a "substantial and injurious effect or influence in determining the jury's verdict") (quotation omitted).

We have reviewed the entire record and are satisfied that Wallace's inculpatory statement did not contribute significantly to the jury verdict. Evidence properly admitted at trial, including petitioner's own voluntary statement, provided overwhelming evidence of guilt.  We agree with the magistrate judge that the admission of Wallace's statement did not violate petitioner's right to a fair trial.

Accordingly, the judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court

J. Thomas Marten
District Judge