Leon L. CRAWLEY, Petitioner–Appellant,

v.

Walter DINWIDDIE, Warden, Respondent–Appellee.

No. 05–5087.

United States Court of Appeals, Tenth Circuit.

July 22, 2008.

---

Howard A. Pincus, Assistant Federal Public Defender (Raymond P. Moore, Federal Public Defender, with him on the briefs) Denver, CO, for Petitioner–Appellant.

Donald D. Self, Assistant Attorney General (W.A. Drew Edmondson, Attorney General of Oklahoma, with him on the briefs) Oklahoma City, OK, for Respondent–Appellee.

Before O'BRIEN, EBEL and TYMKOVICH, Circuit Judges.

O'BRIEN, Circuit Judge.

The Oklahoma Court of Criminal Appeals (OCCA) rejected Leon L. Crawley's claim of ineffective assistance of counsel, concluding his attorney did not perform deficiently at Crawley's competency hearing in abiding Crawley's wishes and arguing he was competent to stand trial despite contrary medical opinion. Because there is no clearly established federal law relevant to Crawley's claim, we affirm.

## I. Background

Crawley was charged in Oklahoma state court with possession of a stolen vehicle after former conviction of two or more felonies and driving with a suspended license. Though he faced more than twenty years in prison, Crawley rejected the State's offer of six years incarceration in exchange for a guilty plea and insisted on going to trial. Dissatisfied with his first court-appointed counsel, Crawley filed a pro se motion for different counsel. Before the court could consider the motion, appointed counsel left the public defender's office and Crawley's case was reassigned to Assistant Public Defender Greg Graves.

Graves requested Crawley undergo a competency determination, fearing his "obsession with matters not relevant to his defense" was interfering with his ability to communicate with counsel. (R. Doc. 5, Ex. A at 5 (quotations omitted)). The court appointed Dr. William Cooper to examine Crawley. Dr. Cooper concluded Crawley was able to appreciate the nature of the charges against him but was incompetent to stand trial because he was unable to consult with his attorney and rationally assist in the preparation of his defense. Crawley was not satisfied with Dr. Cooper's conclusions; he believed he was competent and wanted to stand trial. The issue of Crawley's competence was put to a jury, where—in an odd reversal of roles—the government argued Crawley was in-

competent and Graves, suppressing misgivings, argued Crawley was competent.[1]

At the competency hearing, the government called Dr. Cooper, who testified Crawley was incompetent to stand trial. Without making a formal diagnosis, Dr. Cooper stated Crawley was "somewhat guarded and suspicious," was unable to organize his thoughts in "a coherent, cohesive manner," heard voices, believed "God had been speaking to him," and exhibited "paranoid thinking." (R. Doc. 6 at 44–45.) The State also called Crawley, who testified to his understanding of the criminal proceedings and told the jury he was competent to stand trial. Graves did not call any witnesses on Crawley's behalf, but did argue, contrary to the State's position and in spite of Dr. Cooper's opinion, that the evidence supported a finding of competency.[2] The jury found Crawley to be competent. He was later convicted by a different jury of possession of a stolen vehicle and sentenced to twenty-five years incarceration.

In an apparent case of buyer's remorse, Crawley appealed to the Oklahoma Court of Criminal Appeals, arguing his conviction should be reversed because, among other

things, he was forced to testify against his will at the competency hearing; the evidence was insufficient to support the jury's finding of competency; and his counsel was ineffective at the competency hearing. In an unpublished summary opinion, the OCCA rejected his claims.

The OCCA determined it was proper for Crawley to be called to testify at the competency hearing because his counsel requested the hearing and, under Oklahoma law, a defendant may be called to testify against his will if he initiated the competency proceeding. The OCCA likewise rejected Crawley's sufficiency of the evidence argument, concluding despite Dr. Cooper's opinion, "the jury was within its province in giving greater ·weight to [Crawley's] testimony that he was competent." (R. Doc. 5, Ex. C at 3.) Relying on *Nelson v. State*, 21 P.3d 55, 60 (Okla.Crim. App.2001),[3] and *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the OCCA held Crawley "failed to show that trial counsel's conduct was deficient in following his ethical obligation to abide by his client's wishes [to be found competent and proceed to trial]." (R. Doc. 5, Ex. C at 2.)

---

1. Outside the presence of the jury, Graves informed the court he had advised Crawley to accept Dr. Cooper's opinion, but decided to abide by Crawley's desire to be found competent and so advocated for a finding of competency.

2. The court instructed the jury on three occasions that the arguments of counsel were not evidence and should not be considered as such. *See* R. Doc. 6 at 33 ("It is the responsibility of the attorneys to present evidence, to examine and cross-examine witnesses and to argue the evidence. No statement or argument of the attorneys is evidence."); *id.* at 34 ("As I've told you before[,] the statements, remarks and arguments of the attorneys are intended to help you to understand the evidence and apply the law, but they are not evidence. If any statement, remark or argument of an attorney has no basis in the evi-

dence, then you should disregard it."); *id.* at 36 ("[B]oth counsel will be entitled to give you closing arguments. Again, this is not evidence to be used by you. It is merely their opportunity to discuss with you how they perceive the evidence that was presented."). "[A] jury is presumed to follow its instructions." *Weeks v. Angelone*, 528 U.S. 225, 234, 120 S.Ct. 727, 145 L.Ed.2d 727 (2000).

3. The issue in *Nelson* was "whether Appellant's counsel was ineffective for not pursuing the insanity defense despite the fact that he was instructed by his competent client to waive the defense, which appeared to be the only valid defense to the crimes charged." 21 P.3d at 60. The court held counsel was not ineffective because he "was ethically bound to accept his competent client's decision regarding the plea to be entered." *Id.*

Crawley filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254, which the district court denied in a thorough and cogent opinion. We granted Crawley's application for a Certificate of Appealability (COA) and appointed counsel to represent Crawley on appeal. Crawley challenges only the OCCA's rejection of his ineffective assistance of counsel claim, arguing his counsel was ineffective in accommodating his preference to be found competent despite his personal misgivings and the contrary opinions of Dr. Cooper and the prosecutor.

## II. Discussion

■ "In an appeal of the dismissal of a federal habeas corpus petition, we review a district court's findings of fact for clear error and its conclusions of law de novo." *Maynard v. Boone*, 468 F.3d 665, 669 (10th Cir.2006) (quotations omitted), *cert. denied*, —— U.S. ——, 127 S.Ct. 1819, 167 L.Ed.2d 328 (2007). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes the requirements for granting a writ of habeas corpus to a state prisoner:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that *was contrary to, or involved an unreasonable application of, clearly established Federal law,* as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added). "Subsection (d)(1) governs claims of legal error while subsection (d)(2) governs claims of factual error." *House v. Hatch*, 527 F.3d 1010, 1015 (10th Cir.2008).

Crawley does not contend the OCCA committed factual error, limiting our task to determining whether the OCCA's rejection of Crawley's ineffective assistance of counsel claim "was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). We are not to determine whether the OCCA's decision was correct or whether we might have resolved the claim differently. *See Lockyer v. Andrade*, 538 U.S. 63, 75–76, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). "The role of federal habeas proceedings, while important in assuring that constitutional rights are observed, is secondary and limited."[4] *Barefoot v. Estelle*, 463 U.S. 880, 887, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983).

Following the Supreme Court's decision in *Carey v. Musladin*, 549 U.S. 70, 127 S.Ct. 649, 166 L.Ed.2d 482 (2006), we must first determine whether there is clearly established federal law relevant to Crawley's claim. *See House*, 527 F.3d at 1017–18. "[O]nly if we answer affirmatively the threshold question as to the existence of clearly established federal law, may we ask whether the state court decision is either contrary to or an unreasonable application of such law." *Id.* at 1018.

---

4. "The reason most frequently advanced in our cases for distinguishing between direct and collateral review is the State's interest in the finality of convictions that have survived direct review within the state court system.

We have also spoken of comity and federalism...." *Brecht v. Abrahamson*, 507 U.S. 619, 635, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (citations omitted).

██ "[C]learly established [federal] law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case *sub judice*. Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context." *Id.* at 1016. In determining whether there is clearly established federal law, we are not limited by the actions of the state court.[5] *See Bell v. Cone*, 543 U.S. 447, 455, 125 S.Ct. 847, 160 L.Ed.2d 881 (2005) ("Federal courts are not free to presume that a state court did not comply with constitutional dictates on the basis of nothing more than a lack of citation."); *Mitchell v. Esparza*, 540 U.S. 12, 16, 124 S.Ct. 7, 157 L.Ed.2d 263 (2003) ("[A] state court need not even be aware of our precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'") (quoting *Early v. Packer*, 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002)).

██ In order to succeed on an ineffective assistance of counsel claim, a petitioner must show: (1) "counsel's performance was deficient;" and (2) the deficiency prejudiced the defense.[6] *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052. The Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead ha[s] emphasized that '[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Wiggins v. Smith*, 539 U.S. 510, 521, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003) (quoting *Strickland*, 466 U.S. at 688, 104 S.Ct. 2052). The OCCA concluded the performance of Crawley's counsel was not deficient.

██ The Supreme Court has yet to consider a factual scenario analogous or similar to that presented here. It has concluded "[t]he Constitution does not permit trial of an individual who lacks 'mental competency.'" *Indiana v. Edwards*, 554 U.S. ——, 128 S.Ct. 2379, 2383, 171 L.Ed.2d 345 (2008). On the other hand, it has approved of procedures similar to those employed here. *See Drope v. Missouri*, 420 U.S. 162, 172–73, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975). The broad principle proscribing the trial of mentally incompetent individuals does not sufficiently inform the debate here. A much more specific rule would be necessary to upset the OCCA's decision. *See Wright v. Van Patten*, —— U.S. ——, 128 S.Ct. 743, 747, 169 L.Ed.2d 583 (2008) (reversing grant of habeas relief "[b]ecause our cases give no clear answer to the question presented, let alone one in [defendant]'s favor"); *Musladin*, 127 S.Ct.

---

**5.** The OCCA rejected Crawley's ineffective assistance of counsel claim in one paragraph, without any discussion or analysis of *Strickland*. "[W]e owe deference to the state court's *result*, even if its reasoning is not expressly stated." *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir.1999).

**6.** The Court recognized a limited exception to *Strickland* in *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). In *Cronic*, the Court held "if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, then there has been a denial of Sixth Amendment rights that makes the adversary process itself presumptively unreliable." 466 U.S. at 659, 104 S.Ct.

2039. *Cronic*, not *Strickland*, applies "when counsel is either totally absent, or prevented from assisting the accused during a critical stage of the proceeding" or when "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing." *Wright v. Van Patten*, —— U.S. ——, 128 S.Ct. 743, 746, 746 n. 1, 169 L.Ed.2d 583 (2008) (quotations omitted). In regard to the latter, "the attorney's failure must be complete." *Id.* at 746 n. 1 (quotations omitted). This case is properly examined under *Strickland*, not *Cronic*, because counsel was present at Crawley's competency hearing and the prosecution's case (for incompetency) was subject to meaningful adversarial testing.

at 653 (reversing grant of habeas relief where the question presented "is an open question in our jurisprudence"); *Kane v. Garcia Espitia,* 546 U.S. 9, 10, 126 S.Ct. 407, 163 L.Ed.2d 10 (2005) (reversing grant of habeas relief where right at issue was not clearly established in Supreme Court precedent). Crawley relies principally on *Hull v. Freeman,* 932 F.2d 159 (3d Cir.1991), but *Hull* is not a Supreme Court case so even if it were on point, it would not provide a basis for granting Crawley's habeas petition.[7]

Because there is no clearly established federal law relevant to Crawley's claim, our analysis ends where it begins. As we held in *House,* "[a]bsent controlling Supreme Court precedent, it follows ineluctably that the [state court's] decision ... cannot be either 'contrary to, or an unreasonable application of, clearly established Federal law.'" 527 F.3d at 1021 (quoting 28 U.S.C. § 2254(d)(1)).

**AFFIRMED.**

---

**7.** In any event, *Hull* is distinguishable. Hull was found incompetent to stand trial and was committed to a state psychiatric institution. Four years later, a second competency hearing was held and the State's expert testified Hull was now competent. Hull's attorney did not cross-examine the State's expert, despite the fact two other physicians believed Hull to be incompetent. On petition for habeas corpus, the Third Circuit determined the first prong of *Strickland* was met, remarking it "cannot condone the failure of Hull's lawyer to bring the[ ] competing diagnoses to the attention of the factfinder at the competency hearing." *Id.* at 168. The court rejected counsel's argument that he relied on Hull's desire to be found competent, stating "[a] presumptively incompetent defendant ... cannot be entrusted with the responsibility of dictating counsel's tactics at a competency hearing." *Id.* at 169. Crawley, unlike Hull, was presumed competent at the time of his hearing. *See* Okla. Stat. tit. 22, § 1175.4(B) (a criminal defendant is presumed competent). In addition, Crawley's competency hearing was adversarial, whereas Hull's was not.