Stefen D. PETZOLD, Petitioner,

v.

Justin JONES, Director, Respondent.

No. CIV–06–1317–HE.

United States District Court,
W.D. Oklahoma.

Dec. 18, 2008.

Howard R. Haralson, Oklahoma City, OK, for Petitioner.

Diane L. Slayton, Donald D. Self, Preston Saul Draper, Attorney General's Office, Oklahoma City, OK, for Respondent.

### *ORDER*

JOE HEATON, District Judge.

Petitioner Stefen D. Petzold, a state prisoner, filed a *pro se* petition pursuant to 28 U.S.C. § 2254 seeking federal habeas relief from his state court convictions. Consistent with 28 U.S.C. § 636(b)(1)(B), the matter was referred to Magistrate Judge Robert E. Bacharach. After appointing petitioner counsel, conducting an evidentiary hearing, and accepting closing remarks for the hearing in writing, Judge Bacharach issued his Proposed Findings of Fact and Conclusions of Law [Doc. # 63] recommending that the court deny habeas relief as to petitioner's ineffective assistance of counsel claims. Judge Bacharach's subsequent Report and Recommendation [Doc. # 66] further recommends that the court deny habeas relief as to petitioner's Fifth Amendment double jeopardy claims.

■ Petitioner filed an objection to the Proposed Findings of Fact and Conclusions of Law reasserting his ineffective assistance of trial counsel claims and arguing that the Magistrate Judge erred in finding that petitioner was not prejudiced by any alleged inadequacy of counsel under *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and *Hill v. Lockhart*, 474 U.S. 52, 58–59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).[1] This court reviews de novo objections to the Proposed Findings of Fact and Conclusions of Law. 28 U.S.C. § 636(b)(1).

■ "The right to counsel plays a crucial role in the adversarial system embodied by the Sixth Amendment, since access to counsel's skill and knowledge is necessary to accord defendants the ample opportunity to meet the case of the prosecution to which they are entitled." *Strickland*, 466 U.S. at 685, 104 S.Ct. 2052 (quotation and citations omitted). "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687–88, 104 S.Ct. 2052. Also, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052. "[I]n order to satisfy the 'prejudice' requirement, the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59, 106 S.Ct. 366.

Petitioner, represented by retained counsel, confessed to kidnapping, armed robbery, and larceny of an automobile, entered a blind guilty plea, and was sentenced to a total of 47 years imprisonment on six felony counts. After sentencing, petitioner unsuccessfully attempted to

---

**1.** Petitioner, having failed to object to the Report and Recommendation addressing the double jeopardy claim has waived the right to appellate review of the factual and legal issues addressed therein. *United States v. 2121 East 30th Street,* 73 F.3d 1057, 1059–60 (10th Cir.1996).

withdraw his plea, appealed the denial of his motion to withdraw plea, and then sought post-conviction relief which was denied by the district court. The Oklahoma Court of Criminal Appeals affirmed the denial of post-conviction relief.

As an initial matter, the court declines to adopt petitioner's first, second, and fourth proposed findings of fact. The court finds that all three lack adequate evidentiary support in the record. Petitioner's third proposed finding of fact is moot. The Magistrate Judge's proposed finding of fact # 18 already states that petitioner's trial attorney, Ms. Rebecca Schneider, would have proceeded differently in the case if she had realized that petitioner's original confession could have been suppressed.

 Petitioner's primary objections center on Ms. Schneider's failure to file a motion to suppress his initial confession and waiver for search of his vehicle and room and her subsequent decision to allow petitioner to make further admissible statements to investigators. The Magistrate Judge thoroughly addressed petitioner's "failure to file a motion to suppress" ineffective assistance claim. For substantially the same reasons set out in the Proposed Findings of Fact, the court agrees that even if Ms. Schneider had filed the motion to suppress, ample evidence of petitioner's participation in the crime would have remained and it is likely that petitioner would still have pled guilty. Thus, petitioner was not prejudiced by any alleged deficiency on Ms. Schneider's part. Further, Ms. Schneider made a tactical choice to allow her client to make voluntary statements to the police. Even assuming the validity of petitioner's assertion that his attorney provided deficient legal representation by presenting him to the police for further questioning,[2] the evidence does not support the conclusion that, but for this alleged error, petitioner would have opted to proceed to trial instead of pleading guilty.

Petitioner's remaining objection reiterates his "failure to investigate" ineffective assistance of counsel claim. This issue was thoroughly and appropriately addressed in the Proposed Findings of Fact. The court adopts the Magistrate Judge's conclusions and recommendations for substantially the same reasons.

Accordingly, the court **ADOPTS** the Proposed Findings of Fact and Conclusions of Law [Doc. # 63] and the Report and Recommendation [Doc. # 66]. The petition for writ of habeas corpus is **DENIED.**

**IT IS SO ORDERED.**

### *REPORT AND RECOMMENDATION ON THE DOUBLE JEOPARDY CLAIMS*

ROBERT E. BACHARACH, United States Magistrate Judge.

The Petitioner, Mr. Stefen Petzold, is a state inmate seeking federal habeas relief based in part on a violation of the Fifth Amendment's Double Jeopardy Clause. Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody at p. 7 (Nov. 28, 2006) ("Petition"). The Court should deny relief on the double jeopardy claims.[1]

---

**2.** The court notes that petitioner has not asserted an ineffective assistance of counsel claim based on the voluntary, represented statements to investigators. Petitioner seems to argue that such conduct is covered in the failure to suppress ineffective assistance claim.

**1.** The undersigned has previously suggested rejection of Mr. Petzold's ineffective assistance claims. Proposed Findings of Fact and Conclusions of Law, *passim* (Aug. 29, 2008).

## BACKGROUND

In state court, Mr. Petzold pled guilty to three counts of kidnapping, two counts of robbery with a firearm, and one count of larceny of an automobile.[2] In state court, the Petitioner unsuccessfully argued that the multiple convictions constituted a violation of the Double Jeopardy Clause.[3] Mr. Petzold reasserts the claims as grounds for federal habeas relief.

## STANDARD FOR HABEAS RELIEF

■ Because the Oklahoma Court of Criminal Appeals ("OCCA") addressed the merits of the double jeopardy claim,[4] the federal district court bears a "secondary and limited" role. *See Castro v. Ward,* 138 F.3d 810, 815 (10th Cir.1998). For legal issues like those involved here, the federal court considers only whether the OCCA's conclusions were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

■ The threshold issue is whether federal law clearly establishes the constitutional protection underlying the Petitioner's claim. *See House v. Hatch,* 527 F.3d 1010, 1018 (10th Cir.2008) ("The absence of clearly established federal law is dispositive under § 2254(d)(1)."). "[C]learly established law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case *sub judice.* Although the legal rule at

issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context." *Id.* at 1016–17 (footnote & citations omitted). For this purpose, Supreme Court holdings "must be construed narrowly and consist only of something akin to on-point holdings." *Id.* at 1015. In the absence of Supreme Court precedents, "a federal habeas court need not assess whether a state court's decision was 'contrary to' or involved an 'unreasonable application' of such law." *Id.* at 1017.

■ If Supreme Court precedents do establish the underlying constitutional right, the federal district court must ask whether the state court decision was contrary to Supreme Court precedent. These circumstances may exist when the state court had:

- applied a rule that conflicted with governing Supreme Court holdings or
- reached a conclusion different from the Supreme Court on materially indistinguishable facts.

*See Williams v. Taylor,* 529 U.S. 362, 405–406, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (citation omitted).

■ If these circumstances are absent, the federal district court must determine whether the state court decision involved an unreasonable application of Supreme Court precedents. *See supra* p. 1148. Application of Supreme Court precedent is

---

**2.** Response to Petition for Writ of Habeas Corpus, Exh. 1 (Jan. 25, 2007) (Plea of Guilty and Summary of Facts, *State v. Petzold,* Case No. CF–2001–5842 (Okla. Co. Dist. Ct. executed June 19, 2003)) ("Response"); *see* Petition at p. 1.

**3.** Response, Exh. 4 (Order Denying Defendant's Motion to Withdraw Pleas of Guilty, *State v. Petzold,* Case No. CF–2001–5842 (Okla.Co.Dist.Ct. Nov. 12, 2003)); Response, Exh. 7 (Summary Opinion Denying Certiora-

ri, *Petzold v. State,* Case No. C–2003–955 (Okla.Crim.App. Nov. 24, 2004)); Response, Exh. 11 (Order Denying Application for Post–Conviction Relief, *Petzold v. State,* Case No. CF–2001–5842 (Okla.Co.Dist.Ct. Sept. 11, 2006)); Response, Exh. 12 (Order Affirming Denial of Post–Conviction Relief, *Petzold v. State,* Case No. PC–2006–1081 (Okla.Crim. App. Nov. 16, 2006)).

**4.** *See supra* p. 1148 & note 3.

considered "unreasonable" when the state court unreasonably extends, or refuses to extend, prior decisions. *See House v. Hatch,* 527 F.3d 1010, 1018 (10th Cir.2008).

## DOUBLE JEOPARDY

Mr. Petzold alleges that his convictions violated the Fifth Amendment's prohibition against double jeopardy because the crimes had involved a single transaction. Petition at p. 7; Brief of Petitioner at pp. 25–29, *Petzold v. State,* Case No. C–2003–955 (Okla.Crim.App. Apr. 1, 2004) ("Petitioner's *Certiorari* Brief").[5] The OCCA rejected this claim on the merits,[6] and this determination did not conflict with Supreme Court precedents.

### I. *Test Under the Double Jeopardy Clause*

■■■■ In part, the federal double jeopardy clause prohibits " 'multiple punishments for the same offense.' " *Warnick v. Booher,* 425 F.3d 842, 847 (10th Cir. 2005) (citing *Jones v. Thomas,* 491 U.S. 376, 381, 109 S.Ct. 2522, 105 L.Ed.2d 322 (1989)). When the issue involves multiple punishments, the federal district court must determine whether the sentencing court imposed greater punishment than the legislature intended. *See id.* And the federal court is " 'bound by a state court's determination of the legislature's intent." *Burleson v. Saffle,* 292 F.3d 1253, 1255 (10th Cir.2002) (quoting *Birr v. Shillinger,* 894 F.2d 1160, 1161 (10th Cir.1990) (*per curiam* )). "Thus, for purposes of double jeopardy analysis, once a state court has determined that the state legislature intended cumulative punishments, a federal habeas court must defer to that determination." *Birr v. Shillinger,* 894 F.2d 1160,

1161–62 (10th Cir.1990) (*per curiam* ) (citations omitted).

■■■■ If the legislature had intended to punish the conduct as distinct offenses, separate sentences would be constitutionally permissible. *See, e.g., Department of Revenue of Montana v. Kurth Ranch,* 511 U.S. 767, 778, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994). When the legislative intent is unclear, the Court applies the "statutory elements test." *Lee v. Crouse,* 451 F.3d 598, 607 (10th Cir.2006). This test "requires [the court] to determine whether [the petitioner's] convictions arising under the same statutory provision are based on offenses containing different or the same factual elements of proof." *Dennis v. Poppel,* 222 F.3d 1245, 1251 (10th Cir.2000) (citations omitted). When two charges involve "distinct and separate elements," the Court can infer that the "Oklahoma legislature [had] intended different offenses and punishments...." *Id.* at 1252.

### II. *The Petitioner's Convictions and His Claims*

Mr. Petzold was convicted of three counts of kidnapping, two counts of robbery with a firearm, and one count of larceny of an automobile. *See supra* p. 1148. According to the Petitioner, all of the charges had arisen out of a single criminal transaction. The Court should liberally construe Mr. Petzold's claims to allege that:

- multiple convictions for kidnapping and robbery with a firearm had violated the Double Jeopardy Clause and
- the State had violated the constitution by combining charges involving larce-

---

**5.** The Respondent reads the habeas petition to include a double jeopardy claim arising under Oklahoma law. *See* Response at p. 11. In his *certiorari* brief, the Petitioner alleged a violation of Oklahoma law. Petitioner's *Certiorari* Brief at pp. 25–29. But Mr. Petzold

did not assert a state law claim in the habeas petition. *See* Petition at p. 7 (referencing only the "Double Jepordy [sic] Clause").

**6.** *See supra* p. 1148 & note 3.

ny of an automobile, kidnapping, and robbery with a firearm.

### III. Absence of Supreme Court Authority for the Petitioner's Claims

██ The absence of controlling Supreme Court authority is fatal to the Petitioner's double jeopardy claims.

As discussed above, habeas relief is available only if the state appellate court's resolution of the claim was contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. *See supra* pp. 1148–49. Thus, the threshold question is whether "clearly established [f]ederal law" existed in connection with the Petitioner's claims. *See supra* p. 1148.

The United States Supreme Court has never extended the Double Jeopardy Clause to multiple punishments for multiple crimes simply because the events had involved a single transaction. In the absence of controlling Supreme Court authority, habeas relief is unavailable.[7]

### IV. Invalidity of the Double Jeopardy Claims Based on Tenth Circuit Precedents

The Petitioner's double jeopardy claims would remain invalid even if the federal district court were to be guided by Tenth Circuit precedents.

#### A. Kidnapping

██ Prosecutors charged Mr. Petzold with three counts of kidnapping because he had involuntarily confined three individuals. For the kidnapping counts, the critical issue is whether the Oklahoma legislature had intended to authorize separate penalties when an offender confines multiple victims. The Court should answer in the affirmative.

The federal district court is bound by the state appellate courts' determination of legislative intent. *See supra* p. 1150. In considering legislative intent, the OCCA has held that "[c]rimes against the person are separate and distinct if they are directed at separate victims."[8] As a result, the state appeals court has held as a matter of Oklahoma law that a kidnapping of one individual is considered "separate and distinct" from a robbery against another person even when the offenses "arise from the same episode or transaction." *Clay v. State*, 593 P.2d 509, 510 (Okla.Crim.App. 1979), *overruled in part on other grounds*, *Davis v. State*, 993 P.2d 124, 126 (Okla. Crim.App.1999).

In light of this determination of Oklahoma law, the habeas challenge to the multiple kidnapping counts is invalid. Because the kidnappings involved "crimes against the person" under Oklahoma law, they were considered "separate and distinct." In these circumstances, Mr. Petzold's confinement of three separate individuals would constitute three separate crimes under Oklahoma law and the existence of multiple counts did not violate the Double Jeopardy Clause.

---

7. *See Wright v. Van Patten*, 552 U.S. 120, 128 S.Ct. 743, 746, 169 L.Ed.2d 583 (2008) (*per curiam* ) (rejecting a habeas claim because the Supreme Court's prior cases do not clearly dictate an outcome in the petitioner's favor); *Crawley v. Dinwiddie*, 533 F.3d 1226, 1230–31 (10th Cir.2008) (rejecting a habeas claim because of the absence of a specific Supreme Court holding relevant to the petitioner's claim).

8. *Burleson v. Saffle*, 46 P.3d 150, 152 (Okla. Crim.App.2002); *see also Jennings v. State*, 506 P.2d 931, 935 (Okla.Crim.App.1973) ("it has long been part of our jurisprudence that, where crimes against the person are involved, even though various acts are part of the same transaction, they will constitute separate and distinct crimes where they are directed at separate and distinct persons").

## B. *Robbery with a Firearm*

 Mr. Petzold was also convicted of two counts of robbery with a firearm, with each count pertaining to a separate victim. The existence of two counts did not entail a double jeopardy violation.

As noted above, the crucial issue is whether the Oklahoma legislature had intended to authorize multiple penalties when two individuals are robbed in a single chain of events. *See supra* pp. 1149–50. On this issue, the federal district court is bound by the state court's interpretation of legislative intent. *See supra* p. 1149.

In Oklahoma, the state appeals court addressed the issue in a similar fact-pattern. *Orcutt v. State*, 52 Okla.Crim. 217, 3 P.2d 912 (Okla.Crim.App.1931). There the defendant and two others forced two men out of a car. *See Orcutt v. State*, 3 P.2d at 913. The defendant held a gun on the two victims, while both were robbed. *See id.* The defendant argued that the robberies had constituted only "one act" because the events had transpired "practically at the same time and at the same place." *Id.* The OCCA rejected the argument, concluding that two separate offenses had taken place even though they had occurred "at the same place and in rapid succession." *Id.* at 915. Examining Oklahoma's robbery statute, the court explained:

> Robbery is a crime against the person, and is so classified in chapter 6, article 24, C.O.S. 1921 (sections 1784–1793). The robbery of W.K. Cottrell would not be equivalent to the robbery of W.E. Sturdevant, two different persons, because Cottrell could not give his consent to the robbing of Sturdevant, nor could Sturdevant give his consent to the robbing of Cottrell, and it would be immaterial whether the robbery of Cottrell was against the consent of Sturdevant or vice versa. The robbing of Cottrell was an entirely different crime from the robbing of Sturdevant, although committed by the defendant and his co-defendants at about the same time as the robbing of Sturdevant.

*Id.* at 915–16.

In light of the Oklahoma appellate court's interpretation of the state robbery statute, the federal district court should conclude that the legislature had intended to allow multiple criminal penalties when an individual robbed two individuals at the same place and in rapid succession. *See Hutson v. Boone*, 30 F.3d 141, 1994 WL 385150 (10th Cir. July 15, 1994) (unpublished op.);[9] *see also Mansfield v. Champion*, 992 F.2d 1098, 1101 (10th Cir.1993) (dictum) ("Where two individuals are robbed of separately owned property at the same time and place in one incident, two robbery offenses are committed, and no double jeopardy problems arise." (citations omitted)). Accordingly, conviction under two robbery counts did not violate the Double Jeopardy Clause.

## C. *The Combination of Charges Involving Larceny of an Automobile, Kidnapping, and Robbery with a Firearm*

 The petition could also be read to include a separate double jeopardy claim

---

9. In *Hutson v. Boone*, the habeas petitioner was convicted in Oklahoma of two counts of robbery with firearms based on a theft perpetrated against a married couple in their home. *See Hutson v. Boone*, 30 F.3d 141, 1994 WL 385150 (10th Cir. July 15, 1994) (unpublished op.). The Tenth Circuit Court of Appeals held that conviction on two counts did not constitute a double jeopardy violation, explaining: "In Oklahoma, robbery is a crime against the person, two victims and the property of each was involved, and, notwithstanding that both were robbed at the same time and place and in a single incident, there is no double jeopardy problem." *Id.* (citations omitted).

for the combination of counts involving larceny of an automobile, kidnapping, and robbery with a firearm. Because these offenses involved distinct wrongs,[10] the Double Jeopardy Clause would not prevent imposition of separate penalties for each.[11]

## RECOMMENDATION AND NOTICE OF THE RIGHT TO OBJECT

For the reasons discussed above, the Court should reject Mr. Petzold's double jeopardy claims.

The Petitioner can object to this report and recommendation. To do so, Mr. Petzold must file an objection with the Clerk of this Court. The deadline for objections is October 16, 2008. *See* W.D. Okla. LCvR 72.1. The failure to timely object would foreclose appellate review of the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir.1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir.1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

## STATUS OF THE REFERRAL

The referral is terminated.

Entered this 26th day of September, 2008.

**10.** *See McElmurry v. State*, 60 P.3d 4, 24 (Okla.Crim.App.2002) (stating that under Oklahoma law, robbery with a dangerous weapon and larceny of a motor vehicle "are separate crimes for double jeopardy purposes because each crime contains at least one element not contained in the other"); *see also Cannon v. State*, 827 P.2d 1339, 1342 (Okla. Crim.App.1992) (stating under Oklahoma law that robbery is "distinctively different from ... larceny of an automobile").

**11.** *See Tucker v. Makowski*, 883 F.2d 877, 879–80 (10th Cir.1989) (*per curiam*) (holding that successive prosecutions for armed robbery and kidnapping, arising out of the same transaction, did not entail a double jeopardy violation because the offenses were considered separate under Oklahoma law); *see also Mark v. Evans*, 129 F.3d 130, 1997 WL 687687, Westlaw op. at 2 (10th Cir. Oct. 29, 1997) (unpublished op.) (upholding the federal district court's conclusion that convictions for robbery with firearms and kidnapping did not involve a double jeopardy violation); *Hilliard v. Kaiser*, 131 F.3d 151, 1997 WL 758861 (10th Cir. Dec. 9, 1997) (unpublished op.) (upholding dual punishment under Oklahoma law for larceny and robbery).