**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 15, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STEFEN D. PETZOLD,

      Petitioner-Appellant,

v.

JUSTIN JONES, Director,

      Respondent-Appellee.

No. 09-6002
(W.D. Okla.)
(D.C. No. 5:06-CV-1317-HE)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.

Petitioner Stefen D. Petzold, an Oklahoma state prisoner who is presently

serving a 47-year sentence after pleading guilty to three counts of kidnapping,

two counts of robbery with a firearm, and one count of larceny with an

automobile, appeals from the district court's denial of his petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Petzold contends that his trial

---

[*]   This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining the briefs and the appellate record, this three-judge panel determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

counsel was ineffective because (a) she did not file a motion to suppress certain evidence, but rather facilitated his inculpatory statements to law enforcement; and (b) she failed to conduct an adequate investigation, most notably of whether the ostensible homeowner-victim actually was involved in the crimes. The district court denied Mr. Petzold's petition. We exercise jurisdiction pursuant to 28 U.S.C. § 1291. For substantially the same reasons given by the district court, we affirm.

## BACKGROUND

Mr. Petzold admitted to participating in a robbery in Edmond, Oklahoma, during the early morning hours of October 4, 2001. Mr. Petzold and others robbed the Aguilera family of cash and rare coins at gunpoint. Approximately $200,000 to $250,000 in rare coins were taken, along with $25,000 to $30,000 in cash. After the incident, Edmond police officers received a tip that Mr. Petzold had confessed his part in the robbery to his girlfriend, Lacey Christian. Based on this tip, officers confronted Mr. Petzold on October 5, 2001, at Ms. Christian's home in Logan County, Oklahoma. At that time, the Edmond officers had not obtained prior authorization from Logan County officials to act within Logan County, which is outside the jurisdiction of the Edmond Police Department. Mr. Petzold signed a waiver to allow the officers to search his vehicle where they found rare coins that had been stolen from the Aguileras. The officers then took Mr. Petzold to the Edmond Police Department, where he confessed to his

involvement in the crime and was arrested. During the confession, Mr. Petzold also signed a waiver for a search of his bedroom, where he allegedly had hidden a suitcase of stolen cash. After officers searched his bedroom and found nothing, Mr. Petzold's mother, Candice Petzold, admitted to police that she had hidden the suitcase and turned it over to them.

Six days later, on October 11, 2001, Mr. Petzold participated in a second interview with police in which he recounted his participation in the robbery. Mr. Petzold's retained trial counsel, Rebecca Schneider, was present and Mr. Petzold was given *Miranda* warnings.

Charges stemming from the robbery were filed against Mr. Petzold in two counties. He was charged in Logan County with third-degree arson (relating to the burning of the Aguilera's vehicle) and receiving stolen property. Mr. Petzold's attorney in that case, Stacy Smith, filed a motion to suppress. At a hearing, the Logan County district court granted the motion to suppress as to the evidence obtained from Mr. Petzold stemming from the Edmond officers' unauthorized actions in Logan County, namely, Mr. Petzold's waiver to allow police to search his vehicle and his inculpatory statement to police upon his arrest. However, the court did not suppress Mr. Petzold's second statement to police. As a result of the successful motion to suppress, the stolen property charge against Mr. Petzold was dismissed. The arson charge was later dismissed on grounds unconnected to this appeal.

Mr. Petzold also faced charges in Oklahoma County, where he was charged with three counts of kidnapping, two counts of robbery with a firearm, and one count of larceny with an automobile. Mr. Petzold followed his counsel's advice and entered a blind guilty plea to those charges. He was sentenced by the Oklahoma County district court to a total of 47 years' imprisonment.[1] Apparently taken aback by the length of his sentence, Mr. Petzold sought to withdraw his guilty plea, but this endeavor failed. He then unsuccessfully appealed the denial of his motion to withdraw the plea, and subsequently sought post-conviction relief, which was denied by the state district court. The Oklahoma Court of Criminal Appeals ("OCCA") subsequently affirmed that denial.

Mr. Petzold filed the instant § 2254 petition with the Western District of Oklahoma alleging that his trial counsel was ineffective because (a) she did not file a motion to suppress evidence based on the Edmond officers' unauthorized actions in Logan County, but rather facilitated his inculpatory statements to law enforcement; and (b) she failed to conduct an adequate investigation, most notably into whether Mr. Aguilera actually was involved in the crimes,

---

[1] Mr. Petzold previously had rejected a plea offer by the prosecutor that would have involved dismissal of all but one armed robbery count and would have recommended to the judge a 20-year sentence of imprisonment, with the last five years to be suspended. The prosecutor testified that he made the offer in writing to Ms. Schneider and that she later told him that Mr. Petzold had rejected the offer.

-4-

coordinating an insurance-fraud scheme.[2] The matter was referred to a Magistrate Judge, who appointed counsel for Mr. Petzold and conducted an evidentiary hearing.[3] The Magistrate Judge then issued Proposed Findings of Fact and Conclusions of Law ("PF&R"), recommending that the district court deny habeas relief because, regardless of the quality of legal representation by counsel, counsel's alleged errors were not prejudicial. After de novo review of Mr. Petzold's objections to the PF&R, the district court agreed with the Magistrate Judge's recommendation. *Petzold v. Jones*, 619 F. Supp. 2d 1143, 1146-47 (W.D. Okla. 2008). The district court held, for substantially the same reasons given by the Magistrate Judge, that the evidence did not support the conclusion that, but

---

[2]        In his petition, Mr. Petzold also raised double jeopardy claims, but they are not at issue here. Specifically, Mr. Petzold argued that his convictions violated the Fifth Amendment's prohibition against double jeopardy because the crimes for which he was convicted involved a single transaction. The OCCA rejected this claim on its merits. In his Report and Recommendation, the Magistrate Judge recommended that the district court deny relief on Mr. Petzold's double jeopardy claims because the OCCA's conclusions were not contrary to, and did not involve an unreasonable application of, clearly established federal law. Mr. Petzold did not object to the Report and Recommendation on the double jeopardy issue and the district court deemed any further litigation of that issue to be waived and adopted the Report and Recommendation. Subsequently, the district court issued Mr. Petzold a certificate of appealability only on the issue of alleged ineffective assistance of trial counsel.

[3]        The Magistrate Judge ordered that an evidentiary hearing be held on Mr. Petzold's ineffective assistance of counsel claims after finding that he had attempted to develop the factual foundation for those claims in state court. Consequently, the district court held that the restrictions on such hearings embodied in 28 U.S.C. § 2254(e)(2) did not apply. *See Miller v. Champion*, 161 F.3d 1249, 1253 (10th Cir. 1998).

for counsel's alleged errors, Mr. Petzold would have opted to proceed to trial instead of pleading guilty, particularly in light of the "ample" evidence of his guilt that was unaffected by any error. *Id*. at 1147. This appeal followed.

## DISCUSSION

Because the OCCA summarily rejected Mr. Petzold's ineffective assistance of counsel claims without reaching the merits, the district court decided the issues in the first instance.[4] *See Fairchild v. Workman*, 579 F.3d 1134, 1140 (10th Cir. 2009); *Cargle v. Mullin*, 317 F.3d 1196, 1212 (10th Cir. 2003). Accordingly, we will review the district court's conclusions of law de novo and its factual findings for clear error. *See Fairchild*, 579 F.3d at 1140.

It is well-established that ineffective assistance of counsel claims are reviewed under *Strickland*'s two-part test. *See Strickland v. Washington*, 466

---

[4] We conclude that Mr. Petzold's claims are not barred from review because of state procedural default. *See Fairchild v. Workman*, 579 F.3d 1134, 1140 (10th Cir. 2009). In denying Mr. Petzold's application for post-conviction relief, the OCCA concluded that his ineffective assistance of counsel claims were barred by *res judicata* because it had reviewed the effectiveness of counsel in denying certiorari in Mr. Petzold's direct appeal. The OCCA noted that Mr. Petzold had not provided sufficient reasons for why he previously had not adequately raised the issue, and that it would not consider the new grounds for ineffective assistance. The Magistrate Judge determined that the state procedural bar was inadequate because the time period for certiorari review in Oklahoma, that is, ten days for filing an application to withdraw a guilty plea and ninety days to file a petition for writ of certiorari after conviction, is insufficient to discover and develop a claim of ineffective assistance of counsel. We agree. *See Hickman v. Spears*, 160 F.3d 1269, 1271-72 (10th Cir. 1998). Moreover, the Appellee does not raise this issue on appeal, despite having argued it below. *See Fairchild*, 579 F.3d at 1145-46 (failure to raise an issue in an appellate brief operates as a waiver).

U.S. 668 (1984). Mr. Petzold therefore must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 688, 694. "We approach these issues with 'a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,' and that 'the challenged action might be considered sound trial strategy.'" *Fairchild*, 579 F.3d at 1140 (quoting *Strickland*, 466 U.S. at 689). For Mr. Petzold to prevail, he must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

The district court adopted the Magistrate Judge's conclusion that, even assuming *arguendo* that counsel was deficient in failing to file a motion to suppress when a similar motion was granted by the Logan County district court,[5] that failure was not prejudicial in light of the "ample evidence" of Mr. Petzold's guilt that would not have been subject to suppression. *Petzold*, 619 F. Supp. 2d at 1147. Given the strength of the remaining evidence against Mr. Petzold,[6] the

_____

[5] At the evidentiary hearing, Ms. Schneider agreed that a motion to suppress should have been filed and that such a motion would have been granted.

[6] The evidence of Mr. Petzold's guilt not subject to suppression would have included: his voluntary October 11 confession to police that took place six days after his arrest; Mr. Petzold's admissions to Ms. Christian of his

(continued...)

district court concluded that he likely would have still entered a guilty plea even if a motion to suppress had been successful.[7] *Id.* Furthermore, the district court held that Mr. Petzold failed to demonstrate that, but for counsel's decision to allow Mr. Petzold to give voluntary statements to the police in an effort to be cooperative and show he was the least culpable of all of the four participants, he would not have pleaded guilty, but would have insisted on going to trial. *Id.* Finally, the district court found that Mr. Petzold's contention that counsel was ineffective because she did not adequately investigate the possibility that Mr. Aguilera orchestrated the robbery as part of an insurance scam, and also that the lead Edmond Police investigator on the case, Detective Don Johnson, colluded

---

[6](...continued)
participation in the crime; the identification of Mr. Petzold by the three members of the Aguilera family who were the victims of the robbery; testimony from one of the other participants in the crime implicating Mr. Petzold; and evidence that Mr. Petzold went on a spending spree after the robbery.

[7]    We will assume *arguendo* that any motion to suppress would have been successful based on (a) the ruling by the Logan County district court, (b) Ms. Schneider's statement that such a motion would have been successful, and (c) the rule in Oklahoma that generally a police officer's authority cannot extend beyond his jurisdiction. *See Phipps v. State*, 841 P.2d 591, 593-94 (Okla. Crim. App. 1992) (reversing a conviction obtained from an arrest and search conducted by an officer acting outside of his geographic jurisdiction). Accordingly, we assume that the coins found in Mr. Petzold's vehicle, his October 5 confession to police, and the suitcase belonging to Mr. Petzold that was full of cash would have been suppressed, but we agree with the Magistrate Judge (and, by extension, the district court) that no other evidence would have been subject to suppression.

with Mr. Aguilera to further the scam's objectives, was unpersuasive.[8] *Id.* The district court held that it was not likely that an investigation by counsel would have revealed any credible evidence of collusion, particularly because there is evidence disproving such a theory in the record as the Magistrate Judge described in detail.[9] *Id.*

We agree with the district court's conclusions. In light of the "ample" evidence against him, Mr. Petzold has not demonstrated a reasonable probability that he would have insisted on going to trial but for counsel's alleged errors.

## CONCLUSION

After reviewing the record on appeal, we find no clear error in the district court's factual findings and agree with the district court's legal conclusions. We therefore **AFFIRM** the district court's denial of Mr. Petzold's § 2254 petition.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge

---

[8] Counsel evidently did at least *some* investigation into the collusion theory because she raised this theory in a letter to the district court before sentencing.

[9] Evidence disproving Mr. Petzold's theory that Mr. Aguilera colluded in the robbery included: Mr. Petzold's testimony that he realized the robbery had not been "set up from the inside"; the fact that Mr. Aguilera did not maintain insurance on many of the stolen items; the fact that part of the coin collection that was recovered had been damaged; and statements during the robbery by another participant that he was supposed to kill Mr. Aguilera.