**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**November 22, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

_____

ANDREW BRYAN SOUSER,

    Petitioner - Appellant,

v.

LITTLE, Warden; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

    Respondents - Appellees.

No. 23-1308
(D.C. No. 1:22-CV-01718-RM)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **BRISCOE**, and **EID**, Circuit Judges.
_____

Andrew Bryant Souser, a Colorado state prisoner proceeding pro se, seeks a

certificate of appealability ("COA") to challenge the district court's denial of his

28 U.S.C. § 2254 application for a writ of habeas corpus. *See* 28 U.S.C. § 2253(c)(1)(A)

(requiring a COA to appeal "the final order in a habeas corpus proceeding in which the

detention complained of arises out of process issued by a State court"). He also seeks

_____

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

leave to proceed *in forma pauperis* ("*ifp*").  Exercising jurisdiction under 28 U.S.C.

§§ 1291 and 2253(a), we deny both requests and dismiss this matter.[1]

## I.  BACKGROUND

### A. *State Court Proceedings*

A jury convicted Mr. Souser of sexual assault, unlawful sexual contact, attempted

unlawful sexual contact, two counts of harassment, attempt to influence a public servant,

and additional lesser offenses.  The Colorado Court of Appeals ("CCA") described the

facts and the trial proceedings as follows:

> Defendant, Andrew Bryant Souser, followed the victim into
> an underpass, pinned her against a wall, and grabbed her
> breast.  Souser then digitally penetrated her.  After a
> bystander walked by, Souser ran away.
>
> Souser then went to a bus stop where he sat next to another
> female student and moved his hand up her inner thigh.  She
> escaped by running away.
>
> Both the victim and the other female student described Souser
> and, after the police found an individual matching their
> description, identified him.  Police found a feminine article of
> clothing and accessories, including a bra, when they arrested
> Souser.  At trial, other women identified him as someone who
> had approached them in a similarly sexually predatory
> manner near that time, often near the underpass.
>
> The prosecutor charged Souser with harassment, sexual
> assault, and unlawful sexual contact for following, touching,
> and assaulting the victim in the underpass.  The prosecutor
> also charged Souser with attempted unlawful sexual contact
> and harassment for his attempt against the second female
> student and with attempt to influence a public servant.

---

[1] Because Mr. Souser appears pro se, "we liberally construe his filings, but we will
not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

> A jury convicted Souser as charged and of additional lesser offenses that he requested. The court sentenced him for both sexual assault and unlawful sexual contact, reasoning that the touching of the victim's breasts was sufficiently distinct from the later digital penetration to constitute two separate offenses.

ROA, Vol. I at 145-46.

On direct appeal, the CCA affirmed Mr. Souser's convictions and sentence. As relevant here, the CCA rejected Mr. Souser's argument "that his convictions for sexual assault and unlawful sexual contact must merge." *Id*. at 162, *see id.* at 39-43. The CCA, applying Colorado case law to the evidence, concluded that he had committed two separate offenses. *Id.* at 165-66. It explained that "the evidence here concerned an act of unlawful sexual contact followed by an additional act of unlawful sexual contact that involved penetration." *Id.*

The Colorado Supreme Court denied Mr. Souser's petition for a writ of certiorari. *Id*. at 168.

## B. *Federal Court Proceedings*

Mr. Souser's § 2254 application alleged three claims, each titled "Double Jeopardy," as follows:

> **CLAIM ONE**: Mr. Souser was convicted of both a 2nd degree sexual assault and a criminal sexual contact with force against the same victim, [victim #1]. These were alleged to have happened at the same time and in the same location. They both carry the same sentence of 4-12 years indeterminate. Mr. Souser was sentenced on both to a maximum sentence of 12 years on each. Since both offenses are practically the same this constitutes a violation of Mr. Souser's protection under the [C]onstitution against being

3

charged with multiple offenses for the same offense, or a Double Jeopardy.  The contention by the prosecutor is that to[u]ching of breasts and touching of the vagina cause separate offenses.  This is simply not the case.

**CLAIM TWO**:  The offenses for 2nd degree sexual assault and criminal sexual contact with force are a double jeopardy to the charge of harassment which was also committed against [victim #1] at the same time and in the same place.

**CLAIM THREE**:  The offense for harassment of touching committed against [victim #2] is a double jeopardy to the charged of attempted criminal sexual contact committed against [victim #2] in the same place and at the same time.

*Id*. at 7-8.

The district court dismissed the second and third claims as unexhausted and procedurally barred.  *Id*. at 169-75, 199.  Mr. Souser does not seek a COA on those claims, so we do not discuss them further here.

On Mr. Souser's first claim, the district court noted the CCA had concluded "that Mr. Souser was not subjected to multiple punishments for the same offense."  *Id.* at 205.  It quoted at length the CCA's analysis determining that Mr. Souser had committed separate offenses under Colorado law.  The court said Mr. Souser had not shown that the CCA's rejection of his claim was contrary to or an unreasonable application of clearly established Supreme Court law under 28 U.S.C. § 2254(d)(1) or was based on an unreasonable determination of fact under 28 U.S.C. § 2254(d)(2).  *Id*. at 208-10.  It further recognized that federal courts "should defer to a state court's interpretation of state law in determining whether an incident constitutes one or more than one offense for double jeopardy purposes."  *Id*. at 209 (quotations omitted).

4

The district court denied habeas relief. *Id.* at 210. It also denied a COA.
*Id.* at 211.

## II. **DISCUSSION**

### A. *Legal Background*

#### 1. **COA and AEDPA Standards**

Mr. Souser must obtain a COA for this court to review the district court's denial of
his § 2254 application. *See* 28 U.S.C. § 2253(c)(1)(A). To do so, he must make
"a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). He
"must demonstrate that reasonable jurists would find the district court's assessment of the
constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Our consideration of Mr. Souser's request for a COA must account for the
Antiterrorism and Effective Death Penalty Act ("AEDPA"), which requires "deferential
treatment of state court decisions." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).
Under AEDPA, when a state court has adjudicated the merits of a claim, a federal district
court cannot grant habeas relief on that claim unless the state court's decision "was
contrary to, or involved an unreasonable application of, clearly established Federal law,
as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or
"was based on an unreasonable determination of the facts in light of the evidence
presented in the State court proceeding," *id.* § 2254(d)(2). Thus, when the district court
has denied § 2254 habeas relief on the merits, we must determine as part of our COA
analysis whether reasonable jurists would debate the court's decision in light of AEDPA
deference to the state court. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

2. **State Law and AEDPA Review**

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Id.* at 67-68. Thus, the Supreme Court has "repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam). "To the extent [the petitioner] argues the state court erroneously interpreted and applied state law, that does not warrant habeas relief[.]" *Boyd v. Ward*, 179 F.3d 904, 916 (10th Cir. 1999); *see Hawes v. Pacheco*, 7 F.4th 1252, 1263-64 (10th Cir. 2021).

B. *Analysis*

In his brief to this court, Mr. Souser seeks a COA on two issues.

First, he raises a claim of "illegal plea deal reprisal." Aplt. Br. at 4. He did not raise this claim in his § 2254 application, so it is waived. *See Goode v. Carpenter*, 922 F.3d 1136, 1149 (10th Cir. 2019) ("[W]e do not consider an issue that was not adequately raised in the federal district court."). Also, he did not raise it on direct appeal to the CCA, so it is also unexhausted. *See* 28 U.S.C. § 2254(b)(1); *Fairchild v. Workman*, 579 F.3d 1134, 1151 (10th Cir. 2009) ("Exhaustion requires that the claim be fairly presented to the state court." (quotations omitted)). We thus to do not consider it here.

6

Second, he claims the state trial court "failed to merge . . . the 2nd degree sexual assault and criminal sexual contact with force" offenses. Aplt. Br. at 3. But he has not shown how reasonable jurists would disagree with the district court's rejection of this claim.

The Double Jeopardy Clause provides that no person shall "be subject for the *same* offense to be twice put in jeopardy." U.S. Const. amend. V (emphasis added). The CCA determined, based on application of state law to the evidence, that the sexual assault and unlawful sexual contact offenses were separate. As previously noted, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (per curiam) (quotations omitted); *accord Hawes*, 7 F.4th at 1264. "In a habeas corpus proceeding under section 2254, a federal court should defer to a state court's interpretation of state law in determining whether an incident constitutes one or more than one offense for double jeopardy purposes." *Mansfield v. Champion*, 992 F.2d 1098, 1100 (10th Cir. 1993).

As in the district court, Mr. Souser has not shown here that the CCA decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2).

We conclude that reasonable jurists would not debate that the district court correctly denied habeas relief to Mr. Souser.

7

## III. **CONCLUSION**

We deny a COA to Mr. Souser and deny his request to proceed *ifp*. We dismiss this matter.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge